[This opinion has been published in *Ohio Official Reports* at 78 Ohio St.3d 518.]

THE STATE EX REL. MCGOWAN *v.* CUYAHOGA METROPOLITAN HOUSING AUTHORITY.

[Cite as *State ex rel. McGowan v. Cuyahoga Metro. Hous. Auth.*, 1997-Ohio-191.]

*Mandamus compelling Cuyahoga Metropolitan Housing Authority to provide relator access to personnel records of its police officers—Writ granted, when—Attorney fees and damages for pro se relator denied—Request for costs granted.*

(No. 96-1941—Submitted April 15, 1997—Decided June 4, 1997.)

IN MANDAMUS.

_____

{¶ 1} Respondent, Cuyahoga Metropolitan Housing Authority ("CMHA"), has employed relator, Harvey J. McGowan, as a lieutenant in its police division since June 1985.  In June and August 1996, McGowan requested access to records concerning certain CMHA Police Division employees and relating to the interview process for the position of CMHA Police Commander.  CMHA did not respond to McGowan's requests.

{¶ 2} In August 1996, McGowan filed this action for a writ of mandamus to compel CMHA to provide access to the requested records.  McGowan had previously filed a mandamus action in the court of appeals to compel CMHA to provide access to other requested records.  In October 1996, the court of appeals dismissed McGowan's mandamus action as moot after CMHA provided the records requested in that case.  McGowan also filed a complaint in common pleas court for injunctive relief against CMHA's alleged discriminatory practices.  McGowan also sued CMHA in municipal court seeking damages and expungement of disciplinary violations.

**{¶ 3}** After CMHA filed a motion to dismiss this mandamus action, we granted an alternative writ and issued a schedule for the presentation of evidence and briefs. The cause is now before this court on the submitted evidence and arguments.

———————————

*Harvey J. McGowan, pro se.*

*Stephanie R. Reed*, for respondent.

———————————

**Per Curiam.**

*Mandamus; Adequate Legal Remedy*

**{¶ 4}** In his propositions of law, McGowan asserts that he is entitled to a writ of mandamus to compel CMHA to provide him with access to the requested records pursuant to R.C. 149.43. Exceptions to disclosure must be strictly construed against the public records custodian, and the burden to establish an exception is on the custodian. *State ex rel. James v. Ohio State Univ.* (1994), 70 Ohio St.3d 168, 169, 637 N.E.2d 911, 912.

**{¶ 5}** CMHA does not claim that any of the requested records are exempt from disclosure. In fact, most of the requested records appear to be personnel records of police officers employed by CMHA. See, *e.g., State ex rel. Multimedia, Inc. v. Snowden* (1995), 72 Ohio St.3d 141, 142, 647 N.E.2d 1374, 1377 ("Personnel records of police officers reflecting the discipline of police officers are not confidential law enforcement investigatory records excepted from disclosure under R.C. 149.43[A][2] ***.").

**{¶ 6}** Instead, CMHA contends that McGowan is not entitled to mandamus relief because he has or had an adequate remedy at law to obtain the requested records through either the discovery process in the injunction case or in the now-dismissed mandamus action in the court of appeals. CMHA relies on *State ex rel. Shane v. New Philadelphia Police Dept.* (1990), 56 Ohio St.3d 36, 37, 564 N.E.2d

89, 90 ("Trial courts can decide R.C. 149.43 issues in the discovery process."), and *State ex rel. Hastings Mut. Ins. Co. v. Merillat* (1990), 50 Ohio St.3d 152, 553 N.E.2d 646, paragraph two of the syllabus.

{¶ 7} CMHA's contention lacks merit. We expressly overruled *Shane* and *Hastings* in *State ex rel. Steckman v. Jackson* (1994), 70 Ohio St.3d 420, 426-427, 639 N.E.2d 83, 88-89, holding that "mandamus is the appropriate remedy to force compliance with the open-records statute." See, also, *State ex rel. Findlay Publishing Co. v. Schroeder* (1996), 76 Ohio St.3d 580, 582, 669 N.E.2d 835, 838 ("[P]ersons seeking public records pursuant to R.C. 149.43[C] need not establish the lack of an adequate remedy at law in order to be entitled to a writ of mandamus."); *State ex rel. Scripps-Howard Broadcasting Co. v. Cuyahoga Cty. Court of Common Pleas* (1995), 73 Ohio St.3d 19, 23, 652 N.E.2d 179, 183. Second, CMHA has failed to establish that any of the requested records are relevant to McGowan's common pleas court case or that these records are privileged. Cf. *State ex rel. WHIO-TV-7 v. Lowe* (1997), 77 Ohio St.3d 350, 673 N.E.2d 1360, syllabus. Finally, CMHA has not established that McGowan's mandamus action in the court of appeals involved the same records as this case.

{¶ 8} Based on the foregoing, McGowan is entitled to the requested writ of mandamus.

*Costs; Fees; Punitive Damages*

{¶ 9} McGowan requests costs, attorney fees, and damages in connection with this case. McGowan is entitled to a refund of the $100 security deposit and $40 docket fee as costs. *State ex rel. Plain Dealer Publishing Co. v. Cleveland* (1996), 76 Ohio St.3d 1218, 1219, 667 N.E.2d 1232, 1233; S.Ct.Prac.R. XV(1) and (2). But McGowan, a *pro se* litigant, is not entitled to attorney fees and damages. See, *e.g., State ex rel. Yant v. Conrad* (1996), 74 Ohio St.3d 681, 684, 660 N.E.2d 1211, 1214.

{¶ 10} Accordingly, we grant a writ of mandamus to compel CMHA to provide McGowan access to the requested records, award costs to McGowan, and deny McGowan's request for attorney fees and damages.

*Writ granted.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

———————————