The STATE ex rel. PERRYSBURG TOWNSHIP

v.

CITY OF ROSSFORD et al.

[Cite as State ex rel. Perrysburg Twp. v. Rossford, 148 Ohio App.3d 72, 2002-Ohio-387.]

Court of Appeals of Ohio,
Sixth District, Wood County.

No. WD–01–056.

Decided Jan. 30, 2002.

John P. Donahue and Thomas S. Zaremba, for relator.

Keith A. Wilkowski and Paul R. Bonfiglio, for respondents.

HANDWORK, Judge.

{¶ 1} This matter is before the court upon the motion of the city of Rossford and Rossford Arena Amphitheater Authority (collectively referred to as "Rossford") for summary judgment. Also before the court is the motion of Perrysburg Township ("Perrysburg") for summary judgment.

{¶ 2} In June 2001, Perrysburg initiated two lawsuits in the Wood County Court of Common Pleas. The first suit was against the city of Rossford and Mark Zuchowski, Mayor, and other unknown defendants. The second suit was against the Rossford Arena Amphitheater Authority and other unknown defendants. Perrysburg alleged in both cases that the defendants violated R.C. Chapter 1707 and were negligent regarding the financing of the construction of the Rossford Arena Amphitheater. Attached to each complaint were requests for production of documents relating to the creation and operation of the Rossford Arena Amphitheater Authority.

{¶ 3} That same day, Perrysburg made a public record request of two documents from Keith Wilkowski, Law Director for the city of Rossford. Wilkowski requested on August 9, 2001, that the request for documents be withdrawn and that Perrysburg allow production of the documents during the discovery process within the lawsuits.

{¶ 4} Rossford filed motions to dismiss the lawsuit against them and for protective orders to extend the time for responding to the request for production of documents until after the court ruled on the motions to dismiss. On August 30, 2001, the common pleas court granted the requests for protective orders staying all discovery. However, on September 10, 2001, the court set aside its August 30, 2001 order so that Perrysburg would have until September 27, 2001, to respond to the motion for protective order. Perrysburg amended its request for production of documents to include additional documents.

{¶ 5} On October 23, 2001, Perrysburg also filed requests for admissions from Mark Zuchowski and the city of Rossford. On November 1, 2001, the court stayed the requests for admissions pending a ruling on the motion to dismiss.

{¶ 6} In November 2001, a new judge was assigned to the case. On November 30, 2001, following a hearing on all pending motions, the judge orally indicated that he would not grant *in toto* a motion for a protective order regarding the documents and that defendants should begin to produce the documents requested.

{¶ 7} Prior to this ruling, however, Perrysburg filed in this court, on October 11, 2001, a complaint for a writ of mandamus ordering Rossford to make certain public records available for inspection and copying by relator. Pursuant to R.C. 2731.06 and 2731.07, this court issued an alternative writ on November 5, 2001, and ordered Rossford either to produce the requested documents or show cause why they should not do so by filing an answer to the complaint filed by Perrysburg or a motion to dismiss.

{¶ 8} Rossford filed an answer on November 20, 2001, admitting that some of the records of Rossford Arena Amphitheater Authority are public records even though it is not a public office. However, they denied that they were obligated to produce the records and argued that this issue must be decided within the context of two pending lawsuits brought by Perrysburg against Rossford. On December 1, 2001, Rossford filed a motion for summary judgment arguing that Perrysburg is not entitled to a writ of mandamus because the same issue is involved in the pending cases in the Wood County Common Pleas Court. On December 12, 2001, Perrysburg also filed a motion for summary judgment.

{¶ 9} As we stated in our prior order, R.C. 149.43(A) defines "public records" as "any record that is kept by any public office, including, but not limited to,

state, county, city, village, township, and school district units * * *." Exceptions to the definition of "public record" are included in the statute but do not include the type of documents sought in this case. All public records are to be promptly made available for inspection by any person during regular business hours. R.C. 149.43(B). If a person is denied access to a public record, the person may institute a mandamus action to compel the party responsible for the public record to comply with the statute and obtain attorney fees incurred in connection with the action. R.C. 149.43(C).

{¶ 10} Generally, a writ of mandamus is an extraordinary writ and, therefore, is available only where the court finds " 'that the relator has a clear legal right to the relief prayed for, that the respondent is under a clear legal duty to perform the requested act, and that relator has no plain and adequate remedy at law.' " *State ex rel. Middletown Bd. of Edn. v. Butler Cty. Budget Comm.* (1987), 31 Ohio St.3d 251, 31 OBR 455, 253, 510 N.E.2d 383, quoting *State ex rel. Westchester Estates, Inc. v. Bacon* (1980), 61 Ohio St.2d 42, 15 O.O.3d 53, 399 N.E.2d 81, paragraph one of the syllabus. See, also, R.C. 2731.05. However, Perrysburg need not show that there is no adequate remedy at law in this case because R.C. 149.43 specifically gives it the right to seek a writ of mandamus if public records are not made available as required by the statute. *State ex rel. Findlay Publishing Co. v. Schroeder* (1996), 76 Ohio St.3d 580, 582, 669 N.E.2d 835, and *State ex rel. Steckman v. Jackson* (1994), 70 Ohio St.3d 420, 426, 639 N.E.2d 83. Finally, the decision to issue of a writ of mandamus is a discretionary one. *State ex rel. Pressley v. Indus. Comm.* (1967), 11 Ohio St.2d 141, 40 O.O.2d 141, 228 N.E.2d 631, paragraph seven of the syllabus.

{¶ 11} Rossford first argues that because Perrysburg is requesting the same documents that are the subject of pretrial proceedings in the lawsuits brought against Rossford, Perrysburg is precluded from obtaining the same documents under R.C. 149.43. Rossford relies upon *State ex rel. Steckman v. Jackson,* supra, and *State ex rel. WHIO–TV–7 v. Lowe* (1997), 77 Ohio St.3d 350, 673 N.E.2d 1360.

{¶ 12} In *Steckman,* defendants sought to gain access to police investigation records regarding their arrest by using R.C. 149.43 because they could not gain access to the information under Crim.R. 16. The court weighed the purposes of R.C. 149.43 and Crim.R. 16, the competing interests of the prosecution and defendant, and the practicalities of allowing discovery to occur through the guise of release of public records. The court determined that in a criminal proceeding, a defendant may use only Crim.R. 16 to obtain discovery. *State ex rel. Steckman v. Jackson,* supra, at paragraph two of the syllabus. In the *Lowe* case, the media sought criminal discovery information regarding a high profile crime that had been disclosed to the defendant under Crim.R. 16. The court reasoned that the

purposes of the discovery rule were greater than the public's need to know the information. Therefore, the court held that "information that a criminal prosecutor has disclosed to the defendant for discovery purposes pursuant to Crim.R. 16 is not thereby subject to release as a 'public record' pursuant to R.C. 149.43." *Lowe* at 355, 673 N.E.2d 1360.

{¶ 13} Rossford argues that the same analysis is appropriate here. Since Perrysburg previously initiated law suits in the common pleas court, it may use only the discovery rules to obtain the documents it seeks to support its lawsuit.

{¶ 14} Perrysburg cites *State ex rel. Findlay Publishing Co. v. Schroeder,* in support of its argument that a pending civil action does not preclude a writ of mandamus from being issued. We find this case distinguishable on its facts. In *Findlay,* a publisher sought to compel the county coroner to comply with statutes which required him to keep public records and make those records available to the public. The publisher had also filed a declaratory judgment action in the common pleas court to accomplish the same result. The Supreme Court of Ohio held that the pending civil action did not preclude the issuance of a writ of mandamus because persons seeking public records pursuant to R.C. 149.43(C) need not establish the lack of an adequate remedy at law. Id. at 582, 669 N.E.2d 835. The *Findlay* case involved a party simultaneously using two alternate remedies to obtain the same records. In the case before us, Perrysburg seeks to use two processes to obtain access to documents to be used in its pending litigation. See, also, *State ex rel. Long v. Cardington Village Council* (2001), 92 Ohio St.3d 54, 62, 748 N.E.2d 58 (where an injunction action to enforce Ohio's Sunshine Law did not preclude a party from obtaining a writ of mandamus for violation of R.C. 149.43).

{¶ 15} Perrysburg also cites *State ex rel. McGowan v. Cuyahoga Metro. Hous. Auth.* (1997), 78 Ohio St.3d 518, 678 N.E.2d 1388, in support of its position. In *McGowan,* McGowan sought access to personnel interviewing records through a mandamus action. He had also filed an injunction action against the respondent, alleging discriminatory hiring practices. The Supreme Court of Ohio held that McGowan was entitled to the writ of mandamus even though he could appeal the rulings of the lower court regarding access to the records through the discovery process in the injunction action. Id. at 520, 678 N.E.2d 1388. However, the court also based its decision on the fact that the respondent had failed to demonstrate that the requested records were relevant to the injunction action and were the same records sought through the discovery process. Id. In the case before us, the information sought by Perrysburg in this original action is the same information it is seeking in the discovery proceedings in the pending lawsuits.

{¶ 16} Similar to the analysis found in *Steckman*, we find not that Perrysburg has an alternate legal remedy by way of appeal of the discovery rulings but that the use of R.C. 149.43 by a litigant to circumvent the discovery process is improper. Having filed the lawsuit, Perrysburg subjected itself to the discovery process to obtain the information rather than through R.C. 149.43. A mandamus action under R.C. 149.43 cannot be used to circumvent the civil discovery rules. Similar to the Freedom of Information Act, Ohio's Public Record Act was not enacted to benefit private litigants by giving them an alternative to the discovery rules of Ohio's Rules of Civil Procedure. See *Miller v. Webster* (C.A.7, 1981), 661 F.2d 623, 626, certiorari denied (1982), 456 U.S. 960, 102 S.Ct. 2035, 72 L.Ed.2d 484; *Nix v. United States* (C.A.4, 1978), 572 F.2d 998, 1003; and *Borton, Inc. v. Occupational Safety & Health Administration* (E.D. La. 1983), 566 F.Supp. 1420, 1422.

{¶ 17} Having reached this conclusion, Rossford's second argument that the request for production of documents is too general is now moot.

{¶ 18} Accordingly, we hereby grant Rossford's motion for summary judgment and deny Perrysburg's motion for summary judgment. Perrysburg's complaint for writ for mandamus is denied. Perrysburg is ordered to pay all costs related to this original action. It is so ordered.

Writ denied.

JAMES R. SHERCK and RICHARD W. KNEPPER, JJ., concur.