**HAMMONS**

v.

**CHISHOLM et al.**

[Cite as *Hammons v. Chisholm,* 150 Ohio App.3d 252, 2002-Ohio-6337.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 81389.

Decided Nov. 21, 2002.

Allecia I. Hammons, pro se, for relator.

George Chisholm Jr., for respondent George A. Chisholm Sr.

William D. Mason, Cuyahoga County Prosecuting Attorney, and Rosalina M. Fini, Assistant Prosecuting Attorney, for respondent CSEA.

Betty D. Montgomery, Attorney General, and Bobbi–Lynn Jacobs, Ohio Department of Health and Human Services, for respondent DOH.

---

ANNE L. KILBANE, Judge.

{¶ 1} Allecia I. Hammons seeks a writ of mandamus requiring that her daughter's sealed birth records be made available for inspection and copying as public records under R.C. 149.43. She avers that, when the child was one year old, the birth certificate for her daughter was changed after the Probate Court of Cuyahoga County issued an entry finding that Hammons and George A Chisholm Jr. ("Chisholm Jr.") are the child's natural parents, ordering that she shall be known as the child of Chisholm Jr. as though born in wedlock, and changing the daughter's last name.[1]

{¶ 2} The state of Ohio, Department of Health ("DOH"), and the Cuyahoga County Child Support Enforcement Agency ("CSEA") have separately filed motions to dismiss. For the reasons stated below, we grant both motions to dismiss.

---

**1.** At the time, R.C. 2105.18 as amended in Am.H.B. No. 245, 139 Ohio Laws 2170–2171, authorized the probate court—upon application of the natural father and consent of the mother—to find that "the child is the child of the applicant, as though born to him in lawful wedlock." R.C. 2105.18 was amended and renumbered as R.C. 5101.314, which was later repealed.

{¶ 3} DOH contends that it does not have a duty to make the child's original birth records available as public records.

{¶ 4} "When a man is presumed, found, or declared to be the father of a child, according to section 2105.26, sections 3111.01 to 3111.18, former section 3111.21, or sections 3111.38 to 3111.54 of the Revised Code, or the father has acknowledged the child as his child in an acknowledgment of paternity, and the acknowledgment has become final pursuant to section 2151.232, 3111.25, or 3111.821 of the Revised Code, and documentary evidence of such fact is submitted to the department of health in such form as the director may require, a new birth record shall be issued by the department which shall have the same overall appearance as the record which would have been issued under this section if a marriage had occurred before the birth of such child. Where handwriting is required to effect such appearance, the department shall supply it. Upon the issuance of such new birth record, the original birth record shall cease to be a public record. Except as provided in division (C) of section 3705.091 of the Revised Code, the original record and any documentary evidence supporting the new registration of birth shall be placed in an envelope which shall be sealed by the department and shall not be open to inspection or copy unless so ordered by a court of competent jurisdiction.

{¶ 5} "The department shall then promptly forward a copy of the new birth record to the local registrar of vital statistics of the district in which the birth occurred, and such local registrar shall file a copy of such new birth record along with and in the same manner as the other copies of birth records in such local registrar's possession. All copies of the original birth record in the possession of the local registrar or the probate court, as well as any and all index references to it, shall be destroyed. Such new birth record, as well as any certified or exact copy of it, when properly authenticated by a duly authorized person shall be prima-facie evidence in all courts and places of the facts stated in it."[2]

{¶ 6} In the complaint, Hammons clearly sets out that, after the probate court declared Chisholm Jr. to be the father, DOH issued a new birth certificate. Clearly, under R.C. 3705.09(G), the original birth record is not a public record. Relief in mandamus under R.C. 149.43 is available to compel the release only of a public record, and, as a consequence, the complaint fails to state a claim against DOH.

{¶ 7} Likewise, the complaint fails to state a claim against CSEA because Hammons has not provided this court with any authority for the proposition that CSEA is a local registrar under R.C. 3705.09 or otherwise keeping the records

---

2. R.C. 3705.09(G). (Emphasis added.)

that Hammons seeks. As a consequence, the complaint fails to state a claim against CSEA.

{¶ 8} Similarly, the case caption includes the names of only Hammons and George A. Chisholm Sr. ("Chisholm Sr."). Chisholm Sr. is the paternal grandfather and coguardian of Hammons's daughter. The complaint in mandamus does not even mention a claim against Chisholm Sr., and, as a consequence, we dismiss any suggestion of a claim against Chisholm Sr. sua sponte.

{¶ 9} We also note that the complaint is defective "because it is improperly captioned. R.C. 2731.04 requires that an application for a writ of mandamus must be by petition, in the name of the state on the relation of the person applying. This failure to properly caption a mandamus action is sufficient grounds for denying the writ and dismissing the petition. * * *

{¶ 10} "* * *

{¶ 11} "Relator also failed to include the address of the parties in the caption of the complaint as required by Civ.R. 10(A). This may also be grounds for dismissing the action."[3]

{¶ 12} Additionally, we note that, even if Hammons had prevailed in this action, she would not be entitled to attorney fees because she has proceeded pro se.[4]

{¶ 13} Accordingly, we dismiss this action. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).

Writ dismissed.

KENNETH A. ROCCO, P.J., and TERRENCE O'DONNELL, J., concur.

---

3. *Stewart v. Corrigan* (Apr. 11, 2002), Cuyahoga App. No. 80639, at 3–5, 2002 WL 538781. (Internal citations omitted.)

4. *State ex rel. McGowan v. Cuyahoga Metro. Hous. Auth.* (1997), 78 Ohio St.3d 518, 520, 678 N.E.2d 1388.