[Cite as *State ex rel. Philbin v. Cleveland*, 2017-Ohio-1031.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

## JOURNAL ENTRY AND OPINION
## No. 104106

---

# STATE OF OHIO, EX REL. ANDREW P. PHILBIN

### RELATOR

vs.

# CITY OF CLEVELAND, OHIO, ET AL.

### RESPONDENTS

---

## JUDGMENT:
## WRIT GRANTED

---

Writ of Mandamus
Motion No. 494313
Order No. 505036

**RELEASE DATE:** March 17, 2017

**FOR RELATOR**

Andrew P. Philbin, pro se
1518 West 32nd Street
Cleveland, Ohio   44113-2929


**ATTORNEYS FOR RESPONDENTS**

Barbara A. Langhenry
Director of Law
City of Cleveland - Law Department
By: Richard Bertovich
     Assistant Director of Law
601 Lakeside Avenue, Room 106
Cleveland, Ohio   44114

PATRICIA ANN BLACKMON, J.:

{¶1} On February 22, 2016, Andrew P. Philbin commenced this action in mandamus based upon the Ohio Public Records Act, R.C. 149.43. The complaint for a writ of mandamus was premised upon a request for public records made to the city of Cleveland, Councilman Joseph Cimperman, and Cleveland City Planning Commission Director Freddy L. Collier, Jr., collectively known as the "respondents." For the following reasons, we grant a writ of mandamus on behalf of Philbin, order costs be awarded against the respondents, and further warn the respondents of the possible finding of contempt for failure to timely comply with the writ of mandamus.

## FACTS

{¶2} The facts pertinent to this original action in mandamus are:

1) on September 16, 2015, Philbin directed a request, via email, to Kim L. Robinson, the Public Records Administrator for the city of Cleveland, which provided that:

> This is a request pursuant to O.R.C. 149.43, for copies of documents (including but specifically limited to notes, emails, text messages, photographs, drawings, surveys, memoranda, applications, and correspondence), in whatever form preserved:
>
> 1. Sent from City Planning Commission Director Freddy Collier and the following individuals:
>
> a. Councilman Joe Cimperman;
>
> b. City Planning Commission employees, including but not limited to Trevor Hunt, Chris Garland, and Kyle Reisz;

c. Mayor Frank Jackson and his office;

d. Cleveland Planning Commission members, including but not limited to Anthony J. Coyne, Lawrence A. Lumpkin, David H. Bowen, Gloria Jean Pinkney, Phyllis Cleveland, Jennifer Coleman, Timothy Tramble, Dave Johnson, Lillian Kuri, and other employees or past members of the city planning commission;

e. Board of Zoning Appeals members and staff, including but not limited to Carol A. Johnson, Ozell Dobbins, Tim Donovan, Joan Shaver Washington, Mary Haas McGraw, and Elizabeth Kukla;

f. Ohio City, Inc. staff including but limited to Thomas McNair, Ben Trimble, and Kerry McCormack;

g. 3007 Clinton Avenue, LLC, including but not limited to Fred Geis and Kevin Brokaw;

h. Five Star Meats and/or Storer Meat Co., Inc., including but not limited to Robert (Bob) Gutwein;

i. LDA Architects, including but not limited to Dominic Durante;

j. Kenz Homes and/or Triban Investments, LLC, including but not limited to Bo Knez, any employees, agents, or associated parties;

k. Michael DeCesare, James Sosan, and any staff, agents, or associated parties of Case Development LLC, Franklin Court Townhomes, L.P., and 3104 Franklin Blvd., LLC;

l. Michelle Jarboe McFee.

2. Which mention, refer, or relate in whole or part to the following:

a. Decesare (or Michael DeCesare);

b. Knez (or Bo Knez);

c. Geis;

d. Andrew Philbin (or Andy Philbin);

e. Luis Sandoval (or Louis Sandoval);

f. Rezoning;

g. Zoning;

h. MF (or "Multi-Family");

i. 1 Height District;

j. F Area District;

k. RA ("Townhouse");

l. R3 Townhouse (or Townhomes);

m. Spot zoning (or "spot rezoning");

n. Block club vote (or just "vote");

o. Use variance;

p. Area Variance (or just "variance");

q. Zoning appeal (or just "appeal");

r. Board of zoning appeals;

s. Proposed Ordinance No. 981-15;

t. Proposed Map Change #2515;

u. Clinton Ave. (or just "Clinton");
v. Franklin Blvd (or just "Franklin");

w. The City's 2020 Plan (or just "2020 Plan");

x. Nancy Schuster;

y. Duncan Factors;

z. Norma or Lou Makar;

aa. Apartment building;

bb. Geis;

cc. 3007;

dd. Block Club;

ee. Landmarks;

ff. Design Review;

gg. Northeast Ohio Regional Sewer District (or just "Sewer");

hh. Letters;

ii. Notice(s);

jj. Ohio City, Inc. (or "OCI"); or

kk. Residents.

2) On September 16, 2015, a second request for public records was sent to Kim L. Robinson, the Public Records Administrator for the city of Cleveland, via email, which provided for an identical public records request, as previously made with regard to City Planning Commission director Freddy Collier:

> This is a request pursuant to O.R.C. 149.43, for copies of documents (including but specifically limited to notes, emails, text messages, photographs, drawings, surveys, memoranda, applications, and correspondence) * * * [s]ent between Councilman Joe Cimperman (including but not limited to his gmail account — joecimperman@gmail.com — that he uses for official city business and phone number 216-215-6765 used for text messages) * * *.

3) On February 24, 2016, the respondents filed a joint answer;

4) On March 11, 2016, the respondents filed a joint motion for summary judgment;

5) On April 8, 2016, Philbin filed a brief in opposition to the joint motion for summary judgment;

6) On May 9, 2016, the matter was transferred to this court's Conference Attorney for mediation;

7) On May 31, 2016, a mediation conference was conducted by the Conference Attorney;

8) On October 19, 2016, Philbin was ordered to certify the status of his public records request following the completion of mediation with the Conference Attorney;

9) On November 17, 2016, Philbin was ordered to show cause as to why his complaint for mandamus should not be dismissed, pursuant to Civ.R. 41(B)(1) for failure of prosecution;

10) On December 1, 2016, Philbin filed his response to the order to show cause wherein it was argued that the respondents improperly redacted numerous public records provided pursuant to mediation and failed to provide all public records solicited through the amended request for public records made at the mediation hearing of May 31, 2016; and

11) on January 20, 2017, the respondents were ordered to show cause as to why this court should not immediately issue a writ of mandamus regarding Philbin's original and amended request for public records.

The order of January 20, 2017, specifically provided that:

Sua sponte, the respondents are ordered to show cause as to why this court should not immediately issue a writ of mandamus regarding the relator's

request for the production of public records.  On October 19, 2016, and November 17, 2016, the relator was ordered to certify the status of his request for public records.  The relator, on December 1, 2016, responded to the order to certify wherein it was argued that the public records that were provided were improperly redacted and the respondents have not provided all requested public records.  The respondents have not responded to the relator's certification of the status of his public records request.

Specifically, the relator through his certification argued that: 1) "[t]he emails he received regarding variances requested and map changes from Ohio City Inc. employees, neighbors, stakeholders, developers, constituents, and other City officials meet the criteria of a public record * * * and [fail] to meet the criteria for redaction in R.C. 149.43(A)."; and 2) "[t]hrough The May 31, 2016, mediation conference, [the relator] provided [the respondents] an updated request which required the respondents to provide: communications in whatever form preserved including but not limited to notes, photographs, surveys, memoranda, applications, correspondence, emails, text messages, memos, drawings, * * * pertaining to: zoning code amendments or changes or requests for zoning changes or amendments in Ohio City [and] zoning variance requests in Ohio City", which have not been provided by the respondents.

Accordingly, the respondents are ordered to address the issues of: 1) the improper redaction of those records provided to the relator;   2) the failure to provide all requested public records as originally made by the realtor through his email dated September 16, 2015, and the amended request for public records made on or about May 31, 2016, through the mediation conference; and 3) whether all requested public records have been provided to the relator, through a Civ.R. 56(C) motion for summary judgment with supporting affidavits.  The respondents' motion for summary judgment shall be filed by February 14, 2017.

{¶3}   As of the date of this judgment entry, the respondents have failed to respond to the show cause order of January 20, 2017.

## LEGAL ANALYSIS

{¶4}   R.C. 149.43(C) provides that an original action, grounded in mandamus, is the remedy to enforce a request for public records.   *State ex rel. Carr v. Akron*, 112 Ohio

St.3d 351, 2006-Ohio-6714, 859 N.E.2d 948; *State ex rel. Physicians Commt. for Responsible Med. v. Ohio State Univ. Bd. of Trustees,* 108 Ohio St.3d 288, 2006-Ohio-903, 843 N.E.2d 174; *State ex rel. Gannett Satellite Info. Network v. Shirley*, 78 Ohio St.3d 400, 1997-Ohio-206, 678 N.E.2d 557. Thus, in order to obtain relief, Philbin must demonstrate that he possesses a clear, legal right to the requested public records and that the respondents possesses a clear, legal duty to provide the requested public records. Philbin need not establish that there exists no other adequate remedy in the ordinary course of the law, because mandamus is the specific remedy as provided within R.C. 149.43. *State ex rel. McGowan v. Cuyahoga Metro. Hous. Auth.*, 78 Ohio St.3d 518, 1997-Ohio-191, 678 N.E.2d 1388; *State ex rel. Simonsen v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. Franklin No. 08AP-21, 2008-Ohio-6826.

{¶5} In this case, the parties were required to attend mediation wherein the issue of what records were to be provided by the respondents to Philbin was settled. Pursuant to the order of November 17, 2016, which required a certification of the status of the public records request, Philbin filed a "brief in response to November 17, 2016," wherein it was stated that: 1) the respondents improperly redacted numerous public records that were provided; and 2) the respondents failed to provide all requested public records, as amended through mediation, with regard to "zoning code amendments or changes or requests for zoning code changes or amendments in Ohio City" and "zoning variance requests in Ohio City."

{¶6} The respondents were provided with an opportunity to address the claims of Philbin that public records were improperly redacted and that not all requested public records were provided as agreed upon at the mediation. The respondents, however, have failed to provide this court with any response to Philbin's claims of improper redaction and failure to provide all requested public records.

{¶7} The Ohio Public Records Act, R.C. 149.43, must be construed liberally in favor of broad public access, and any doubt must be resolved in favor of disclosure of public records. *State ex rel. Rocker v. Guernsey Cty. Sheriff's Office*, 126 Ohio St.3d 224, 2010-Ohio-3288, 932 N.E.2d 327. However, R.C. 149.43(A)(1) excludes certain information from disclosure as a public record. All public offices are therefore permitted to conduct a legal review of responsive records and to redact exempted materials appropriately. *State ex rel. Morgan v. Strickland*, 121 Ohio St.3d 600, 2009-Ohio-1901, 906 N.E.2d 1105; *State ex rel. Warren Newspapers, Inc. v. Hutson*, 70 Ohio St.3d 619, 640 N.E.2d 174 (1994). Moreover, the public office possesses the burden of proving that the records or redacted parts are exempt from disclosure. The court is to resolve all doubts in favor of disclosure. *State ex rel. White v. Watson*, 8th Dist. Cuyahoga No. 86737, 2006-Ohio-5234; *State ex rel. Broom v. Cleveland*, 8th Dist. Cuyahoga No. 59571, 1992 Ohio App. LEXIS 4548 (Aug. 27, 1992).

{¶8} Herein, the respondents have failed to file any response to our January 20, 2017 show cause order. Thus, the respondents have failed to demonstrate that any of the released records were subject to redaction. In addition, the respondents have failed to

demonstrate that all requested public records have been provided to Philbin. Thus, based upon the premise that any doubt must be resolved in favor of disclosure of public records, we issue a writ of mandamus on behalf of Philbin. Within 21 days of the date of this entry, the respondents are ordered to provide Philbin with unredacted copies of all requested public records. It must also be noted that the failure of the respondents to timely comply with this order, in providing Philbin with the requested public records, may result in a finding of contempt, subject to the imposition of a daily fine of $100 until all requested public records have been provided to Philbin. Finally, Philbin is allowed to recover the costs associated with this original action, including the filing fee of $175. All costs to be paid by the respondents.

**{¶9}** Writ granted.

PATRICIA ANN BLACKMON, JUDGE

MARY EILEEN KILBANE, P.J., and
MELODY J. STEWART, J., CONCUR
#