[Cite as *State ex rel. Chester v. Doherty*, 2025-Ohio-81.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

STATE OF OHIO ex rel.
ISAAC CHESTER,

        Relator,

     - vs -

BECKY L. DOHERTY,

        Respondent.

**CASE NO. 2024-P-0028**

Original Action for Mandamus

---

**P E R  C U R I A M**
**O P I N I O N**

Decided: January 13, 2025
Judgment: Petition dismissed

---

*Isaac Chester*, pro se, PID# A791-522, Richland Correctional Institution, 1001 Olivesburg Road, P.O. Box 8107, Mansfield, OH 44901 (Relator).

*Connie J. Lewandowski*, Portage County Prosecutor; *Pamela J. Holder* and *Theresa M. Scahill*, Assistant Prosecutors, 241 South Chestnut Street, Ravenna, OH 44266 (For Respondent).

PER CURIAM.

{¶1} This matter is before the court on a petition for writ of mandamus filed by relator, Isaac Chester ("Mr. Chester"), against respondent, Judge Becky L. Doherty of the Portage County Court of Common Pleas ("respondent"), and respondent's Civ.R. 12(B)(6) motion to dismiss for failure to comply with R.C. 2969.25(A). For the reasons that follow, respondent's motion is granted, and Mr. Chester's petition for a writ of mandamus is dismissed.

{¶2} Mr. Chester is incarcerated in the Richland Correctional Institution. In July 2023, Mr. Chester filed a "motion for transcripts at state's expense," seeking six transcripts from pretrial conferences, his plea hearing, and his sentencing hearing. In September and October 2023, Mr. Chester filed two additional motions, requesting the court issue the transcripts and proceed to judgment on his motions for transcripts.

{¶3} In May 2024, Mr. Chester filed a writ of mandamus against respondent in this court, requesting that we issue an order compelling respondent to provide the transcripts he requested.

{¶4} Respondent filed a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted, contending that according to Mr. Chester's petition, he received all the transcripts that exist for his case. Because it was not plainly evident that Mr. Chester had received all the transcripts he requested, we converted respondent's motion to a summary judgment motion and requested the parties file supplemental briefs and/or motions for summary judgment with evidentiary materials.

{¶5} Mr. Chester filed a motion for summary judgment; however, he failed to submit any evidentiary quality material in support pursuant to Civ.R. 56(C). Respondent failed to file a supplemental brief and/or a response to Mr. Chester's motion for summary judgment. Accordingly, we overruled respondent's motion and set the matter for a status conference, at which we set deadlines for discovery and dispositive motions.

{¶6} In December 2024, Mr. Chester filed a "motion for leave to amend affidavit of prior civil actions/listings," seeking to add a civil action he had omitted from his list of prior civil actions in his original petition. Respondent filed a motion to dismiss for failure

2

to comply with R.C. 2969.25(A), contending a defective affidavit cannot be cured by a motion for leave to amend.[1]

{¶7} "A mandamus is a civil proceeding, extraordinary in nature since it can only be maintained when there is no other adequate remedy to enforce clear legal rights." *State ex rel. Widmer v. Mohney*, 2008-Ohio-1028, ¶ 31 (11th Dist.), citing *State ex rel. Brammer v. Hayes*, 164 Ohio St. 373 (1955). "Mandamus is a writ issued to a public officer to perform an act that the law enjoins as a duty resulting from his or her office." *Id.*, citing R.C. 2731.01. For a writ of mandamus to issue, (1) the relator must establish a clear legal right to the relief prayed for; (2) the respondent must have a clear legal duty to perform the act; and (3) the relator must have no plain and adequate remedy in the ordinary course of the law. *Id.* The Supreme Court of Ohio has held that mandamus is the appropriate remedy to force compliance with the public records statute. *State ex rel. McGowan v. Cuyahoga Metro. Hous. Auth.*, 78 Ohio St.3d 518, 520 (1997). Thus, persons seeking public records need not establish the lack of an adequate remedy at law in order to be entitled to a writ of mandamus. *Id.*

{¶8} We review de novo the dismissal of an inmate's extraordinary writ action for failure to comply with R.C. 2969.25. *State ex rel. Pointer v. Ohio Adult Parole Auth.*, 2022-Ohio-3261, ¶ 6.

---

1. In December 2024, respondent also filed five of the six transcripts (June 16, 2021; July 9, 2021; August 5, 2021; August 10, 2021; and August 1, 2022) requested by Mr. Chester. Respondent has not provided a transcript or a statement indicating that one does not exist for the pretrial held on July 27, 2021. On December 30, 2024, Mr. Chester filed a "notice of incomplete transcripts provided by respondent," stating the July 27, 2021 transcript was not provided and the August 10, 2021 transcript is incomplete. To the extent that complete transcripts have been provided as responses to Mr. Chester's request, those portions of Mr. Chester's mandamus claim are rendered moot. *See State ex rel. Berry*, 2024-Ohio-5774, ¶ 12.

3

**{¶9}** Pursuant to R.C. 2969.25(A), "[a]t the time that an inmate commences a civil action or appeal against a government entity or employee, the inmate shall file with the court an affidavit that contains a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court. The affidavit shall include all of the following for each of those civil actions or appeals:

**{¶10}** "(1) A brief description of the nature of the civil action or appeal;

**{¶11}** "(2) The case name, case number, and the court in which the civil action or appeal was brought;

**{¶12}** "(3) The name of each party to the civil action or appeal . . . ."

**{¶13}** R.C. 2969.25 requires strict compliance. *State ex rel. Swanson v. Ohio Dept. of Rehab. & Corr.*, 2019-Ohio-1271, ¶ 6. Compliance with the provisions of R.C. 2969.25 is mandatory and the failure to satisfy the statutory requirements is grounds for dismissal of the action. *State ex rel. Washington v. Ohio Adult Parole Auth.*, 87 Ohio St.3d 258 (1999); *State ex rel. Zanders v. Ohio Parole Bd.*, 82 Ohio St.3d 421, 422 (1998). Nothing in R.C. 2969.25 permits substantial compliance. *State ex rel. Manns v. Henson*, 2008-Ohio-4478, ¶ 4, citing *Martin v. Ghee*, 2002-Ohio-1621. Furthermore, the failure to comply with R.C. 2969.25 cannot be cured at a later date by belatedly attempting to file a compliant affidavit. *State ex rel. Young v. Clipper*, 2015-Ohio-1351, ¶ 9. *Morris v. Keith*, 2024-Ohio-1143, ¶ 10 (10th Dist.). *See also State ex rel. Young v. Clipper*, 2015-Ohio-1351, ¶ 9 (R.C. 2969.25 defect cannot be cured by subsequent amendment); *State ex rel. Swopes v. McCormick*, 2022-Ohio-4408, ¶ 13 (Civ.R. 15 does not provide a safe harbor for failure to comply with R.C. 2969.25); *State ex rel. Chester v. Booth*, 2024-Ohio-1858, ¶ 23 (11th Dist.) ("Complaint" must be dismissed as statutorily insufficient).

4

Case No. 2024-P-0028

{¶14} Thus, Mr. Chester cannot cure his defective petition by filing a motion for leave to amend his affidavit pursuant to Civ.R. 15.

{¶15} Accordingly, respondent's motion to dismiss is granted, and Mr. Chester's petition for a writ of mandamus is dismissed.

ROBERT J. PATTON, P.J., MARY JANE TRAPP, J., EUGENE A. LUCCI, J., concur.

5