[THE STATE EX REL.] JAMES *v.* OHIO STATE UNIVERSITY ET AL.

[Cite as *State ex rel. James v. Ohio State Univ.* (1994), 70 Ohio St.3d 168.]

(No. 94–833—Submitted June 29, 1994—Decided August 31, 1994.)

*William Calvin James, pro se.*

*Porter, Wright, Morris & Arthur* and *Kathleen M. Trafford,* for respondents.

---

WRIGHT, J.   At issue in this case is whether documents contained in promotion and tenure files maintained by the university are public records subject to disclosure under R.C. 149.43(B), or whether the records meet any of the exceptions contained in R.C. 149.43(A)(1) so as to prevent disclosure.

The university does not dispute that it is a state agency and public office under R.C. 149.011.   Rather, it argues that the records are excepted from disclosure under R.C. 149.43(A)(1).   In considering the university's arguments, we are mindful that exceptions to disclosure are to be construed strictly against the custodian of public records and doubt should be resolved in favor of disclosure. *State ex rel. Plain Dealer Publishing Co. v. Lesak* (1984), 9 Ohio St.3d 1, 4, 9 OBR 52, 54, 457 N.E.2d 821, 823 (Celebrezze, C.J., concurring).   Further, the burden to establish an exception is on the custodian of the public records.   *State ex rel. Natl. Broadcasting Co. v. Cleveland* (1988), 38 Ohio St.3d 79, 83, 526 N.E.2d 786, 790.

The university makes two claims that the records are not subject to disclosure: that R.C. 149.43(A)(2)(a) and (b) justify redaction of the evaluators' names, and that disclosure would substantially infringe the university's constitutionally protected right to academic freedom. We reject both arguments.

The university contends that an evaluator is the equivalent of "an information source or witness to whom confidentiality has been reasonably promised" under R.C. 149.43(A)(2)(a) and (b). However, in making this argument the university ignores R.C. 149.43(A)(2), which limits the applicability of R.C. 149.43(A)(2)(a) and (b) to "[c]onfidential law enforcement investigatory record[s]." Under no stretch of the imagination can the personnel records in question be deemed confidential law enforcement investigatory records. Therefore, the university's reliance on R.C. 149.43(A)(2)(a) and (b) is at best misplaced and, at worst, disingenuous.

This is particularly true in light of the university's statement in its own "GUIDELINES FOR PROMOTION AND TENURE PROCEDURES AT THE DEPARTMENT, COLLEGE, AND UNIVERSITY LEVELS," that "[i]t is the policy of the Ohio State University to maintain confidentiality, within the limits of law, regarding access to all letters of evaluation, including those from the inside and outside evaluators, promotion and tenure committees, the chairperson, and the dean. *However, these materials are not exempted from the Ohio Public Records Act at this time.* Prospective external evaluators should be informed of both these facts."[1] (Emphasis added.)

The university's other contention is that disclosure of the records at issue would substantially infringe its constitutionally protected right to academic freedom. Without specifically so stating, it would appear that the university is arguing that the records are not public records under R.C. 149.43(A)(1) because their release "is prohibited by state or federal law."

Basically the university's argument is as follows. Academic freedom implicates core First Amendment values. The tenure process is at the heart of academic freedom; therefore, the tenure process also implicates these values. Since the integrity of the tenure process depends on the confidentiality of evaluators of

---

1. Senior vice president for academic affairs and provost Richard Sisson reiterated this information to deans, directors and department chairpersons in a memorandum concerning promotion and tenure. In his memorandum, under "REMINDERS AND SUGGESTIONS," Sisson stated:
   "*Confidentiality:*
   "While it is the policy of the Ohio State University to maintain confidentiality regarding access to letters of evaluation from both within and outside the university, the Ohio Public Records Act does not exempt such materials from the law at present. Nonetheless, every effort should be made to limit access to these letters only to persons directly involved in the promotion and tenure review process. External evaluators should be informed of Ohio State's policy and its standing under the Ohio Public Records Act."

candidates, the disclosure of evaluators' names violates the university's constitutionally protected right to academic freedom.

The university's argument is based on unfounded premises and we reject its conclusion for the same reasons the United States Supreme Court rejected a similar argument when it considered whether promotion and tenure peer review documents are discoverable by the Equal Employment Opportunity Commission in a Title VII investigation. In *Univ. of Pennsylvania v. E.E.O.C.* (1990), 493 U.S. 182, 110 S.Ct. 577, 107 L.Ed.2d 571, the University of Pennsylvania, a private institution, argued that its constitutional right of academic freedom would be infringed by disclosure of peer review documents to the E.E.O.C. The court rejected this argument because disclosure of the documents did not relate to the right of the university to make tenure decisions on academic grounds. Similarly, in the present case, the issue is not whether the university is permitted to decide on academic grounds who receives promotion and tenure, but whether the *records* of those decisions are public records.[2] The university's only explanation as to how disclosure of the records will infringe on its decisions to award promotion and tenure on academic grounds is that it will not receive candid information necessary to make those decisions. As the United States Supreme Court found, the claimed injury to academic freedom purportedly caused by disclosure of the records is "remote and attenuated." *Id.*, 493 U.S. at 200, 110 S.Ct. at 588, 107 L.Ed.2d at 589. In addition, it is ironic that the university here argues that academic freedom is challenged by the disclosure of the documents. It seems the antithesis of academic freedom to maintain secret files upon which promotion and tenure decisions are made, unavailable even to the person who is the subject of the evaluation.

Further, we are not convinced the integrity of the promotion and tenure system will be diminished if disclosure occurs. Academic scholars routinely critique each other's work in public forums such as conferences, journal articles, and book reviews. The existence of a tradition of confidentiality in the promotion and tenure setting does not mean that scholars will refuse to provide candid evaluations in the future simply because the records could be made available to the public. As Justice Blackmun said in *Univ. of Pennsylvania v. E.E.O.C.*, "[f]inally, we are not so ready as petitioner seems to be to assume the worst about those in the academic community. Although it is possible that some evaluators may become less candid as the possibility of disclosure increases, others may simply ground their evaluations in specific examples and illustrations in order to deflect potential claims of bias or unfairness. Not all academics will hesitate to stand up and be counted when they evaluate their peers." *Id.*

---

2. Of course, the university is not free to make promotion and tenure decisions based on impermissible grounds such as race, sex, national origin, etc., under both federal and state law.

Even if we were convinced that the integrity of the promotion and tenure process could be diminished by the disclosure of the documents at issue, this is a public policy consideration which it is not our place to evaluate. As we have previously recognized in *State ex rel. Multimedia, Inc. v. Whalen* (1990), 48 Ohio St.3d 41, 549 N.E.2d 167, in enumerating very narrow, specific exceptions to the public records statute, the General Assembly has already weighed and balanced the competing public policy considerations between the public's right to know how its state agencies make decisions and the potential harm, inconvenience or burden imposed on the agency by disclosure.

Therefore, we hold that promotion and tenure records maintained by a state-supported institution of higher education are "public records" pursuant to R.C. 149.43(A)(1), are not subject to any exception, and are, therefore, subject to the public records disclosure requirements of R.C. 149.43(B). Accordingly, the writ is granted.

*Writ granted.*

A.W. SWEENEY, DOUGLAS, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

MOYER, C.J., concurs in the syllabus and judgment only.

