[This opinion has been published in *Ohio Official Reports* at 85 Ohio St.3d 279.]

THE STATE EX REL. KELLER, APPELLANT, *v.* COX ET AL., APPELLEES.

[Cite as *State ex rel. Keller v. Cox*, 1999-Ohio-264.]

*Public records—Personnel and internal investigative records pertaining to police officers—Exemptions protected by constitutional right of privacy—Police officers' files that contain the names of the officers' children, spouses, parents, home addresses, telephone numbers, beneficiaries, medical information, and the like.*

(No. 98-1900—Submitted January 26, 1999—Decided April 7, 1999.)

APPEAL from the Court of Appeals for Miami County, No. 98CA24.

———————————

{¶ 1} Carl J. Faehl is the defendant in *United States v. Faehl*, case No. CR-3-98-035, a criminal case pending in the United States District Court for the Southern District of Ohio, Western Division. Appellant, Steven R. Keller, the Federal Public Defender for the Southern District of Ohio, was appointed to represent Faehl.

{¶ 2} In April 1998, Beth Goldstein Lewis, an Assistant Federal Public Defender in Keller's office, sent a written request under R.C. 149.43, Ohio's Public Records Act, to appellee Wilma Mahan, the Miami County Sheriff's Department Records Custodian, to inspect and copy all personnel and internal affairs records relating to Miami County Sheriff's Detective Paul Reece. Keller wanted access to these records as part of his pretrial investigation and preparation on behalf of Faehl. Keller believed that Detective Reece would be called as a witness against Faehl in the criminal trial.

{¶ 3} In May 1998, the United States filed a motion in the federal case to order Faehl and his attorneys to cease and desist all efforts to obtain personal information about government law enforcement officers who would be witnesses

in the criminal case. In the motion, the government represented that Detective Reece had investigated the importation and distribution of marijuana and cocaine in the Southern District of Ohio and that as a result of his investigation, Faehl was charged with the federal offense of conspiracy to possess with intent to distribute marijuana and cocaine. The government asserted that disclosure of the requested records would give Keller and Faehl access to the records that they would not otherwise be entitled to in the criminal case under Fed.R.Crim.P. 16 or *Brady v. Maryland* (1963), 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215, and that such disclosure would also violate Detective Reece's constitutional right to privacy.

{¶ 4} Following the government's motion in the federal criminal case and the refusal of appellees, Mahan and Miami County Sheriff Charles A. Cox, to provide access to Detective Reece's personnel and internal affairs records, Keller filed a complaint in the Court of Appeals for Miami County to compel appellees to provide such access pursuant to R.C. 149.43.[1] Appellees filed a Civ.R. 12(B)(6) motion to dismiss the complaint for failure to state a claim upon which relief can be granted. Appellees attached to their memorandum in support of the motion an affidavit of Detective Reece stating that Faehl and an individual whom Faehl had contacted had threatened Detective Reece and his wife. Keller moved to strike Detective Reece's affidavit and all unsworn factual allegations contained in appellees' memorandum.

{¶ 5} In September 1998, the court of appeals granted appellees' Civ.R. 12(B)(6) motion and dismissed Keller's mandamus complaint. The court of appeals held that "notwithstanding the fact that personnel and internal investigative records pertaining to police officers are public records under [R.C.] 149.43 * * *, the statute is not available as a tool of discovery * * * by criminal defendants."

---

1. Keller's complaint was originally mistakenly filed in Montgomery County, but the court of appeals *sua sponte* transferred the case to Miami County.

The court of appeals reasoned that this result was mandated by paragraph two of the syllabus of *State ex rel. Steckman v. Jackson* (1994), 70 Ohio St.3d 420, 639 N.E.2d 83, which provides that "[i]n the criminal proceeding itself, a defendant may use only Crim.R. 16 to obtain discovery." The court of appeals ruled that the requested records could be acquired by Keller "only via Crim.R. 16, if at all." The court of appeals did not expressly rule on Keller's motion to strike.

{¶ 6} This cause is now before the court upon an appeal as of right.

_____

*Steven R. Keller*, Federal Public Defender, *Beth Goldstein Lewis* and *Randolph W. Alden*, Assistant Federal Public Defenders, for appellant.

*Gary A. Nasal*, Miami County Prosecuting Attorney, for appellees.

_____

*Per Curiam.*

{¶ 7} Keller asserts in his various propositions of law that the court of appeals erred in granting appellees' Civ.R. 12(B)(6) motion and dismissing his mandamus action for failure to state a claim upon which relief can be granted.

{¶ 8} Keller initially contends that the court of appeals erred in failing to grant his motion to strike and relying on improper evidence to dismiss his complaint. The court of appeals in effect overruled Keller's motion to strike by failing to rule on it. "[W]hen a trial court fails to rule on a pretrial motion, it may ordinarily be presumed that the court overruled it." *State ex rel. The V Cos. v. Marshall* (1998), 81 Ohio St.3d 467, 469, 692 N.E.2d 198, 201.

{¶ 9} However, we do find that the court of appeals erred in overruling Keller's motion to strike the attached affidavit and unsworn factual allegations in appellees' memorandum in support of their Civ.R. 12(B)(6) dismissal motion. Civ.R. 12(B)(6) movants like appellees cannot rely on allegations or evidence outside the complaint to support their motion. *State ex rel. Boggs v. Springfield Local School Dist. Bd. of Edn.* (1995), 72 Ohio St.3d 94, 96, 647 N.E.2d 788, 791.

**{¶ 10}** Nevertheless, the court of appeals' error in overruling Keller's motion to strike did not prejudice Keller.  See *State ex rel. Fuqua v. Alexander* (1997), 79 Ohio St.3d 206, 208, 680 N.E.2d 985, 987.  Although the court of appeals cited some of the unsworn factual allegations contained in appellees' memorandum in its decision, it did not rely on these allegations to resolve its Civ.R. 12(B)(6) legal determination, and the allegations cited were also contained in the government motion attached as an exhibit to Keller's complaint.  Cf. *State ex rel. Findlay Publishing Co. v. Schroeder* (1996), 76 Ohio St.3d 580, 581, 669 N.E.2d 835, 837, where we held that courts "cannot rely on allegations or evidence outside [a] complaint in determining [a] Civ.R. 12(B)(6) motion";  see, also, *State ex rel. Crabtree v. Franklin Cty. Bd. of Health* (1997), 77 Ohio St.3d 247, 249, 673 N.E.2d 1281, 1283, fn. 1 ("Material incorporated in a complaint may be considered part of the complaint for purposes of determining a Civ.R. 12[B][6] motion to dismiss").

**{¶ 11}** Regarding Keller's main contentions attacking the court of appeals' decision to dismiss pursuant to Civ.R. 12(B)(6) his complaint for a writ of mandamus, we disagree with the court of appeals that *Steckman* applies to this case.  The records sought by appellant are not part of "criminal discovery" because they have nothing to do with the crime or the criminal case itself.

**{¶ 12}** But based on *Kallstrom v. Columbus* (C.A.6, 1998), 136 F.3d 1055, the requested records are exempt because they are protected by the constitutional right of privacy.  Police officers' files that contain the names of the officers' children, spouses, parents, home addresses, telephone numbers, beneficiaries, medical information, and the like should not be available to a defendant who might use the information to achieve nefarious ends.  This information should be protected not only by the constitutional right of privacy, but, also, we are persuaded that there must be a "good sense" rule when such information about a law enforcement officer is sought by a defendant in a criminal case.  On the other hand, any records needed by a defendant in a criminal case that reflect on discipline, citizen complaints, or

how an officer does her or his job can be obtained, if any exist, through internal affairs files in accordance with previous decisions of this court.

{¶ 13} Accordingly, based on the foregoing, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER and LUNDBERG STRATTON, JJ., concur.

COOK, J., dissents.

––––––––––––––––

**COOK, J., dissenting.**

{¶ 14} I respectfully dissent from the judgment affirming the court of appeals' dismissal of Keller's mandamus action. As a preliminary matter, I agree with the majority that the constitutional right of privacy exempts certain personnel records of police officers from disclosure under the Public Records Act. See *Kallstrom v. Columbus* (C.A.6, 1998), 136 F.3d 1055.

{¶ 15} Nevertheless, the majority's and appellees' reliance on the constitutional right of privacy does not support dismissal of Keller's mandamus action because any argument that Detective Reece's constitutional right to privacy exempts all of the requested records is, at this juncture, premature. Cf. *State ex rel. Beacon Journal Publishing Co. v. Akron* (1994), 70 Ohio St.3d 605, 640 N.E.2d 164 (federal constitutional right to privacy exempts disclosure of city employees' Social Security numbers). Exemptions from disclosure must be strictly construed against the public records custodian, and the custodian has the burden to establish an exemption. *State ex rel. McGowan v. Cuyahoga Metro. Hous. Auth.* (1997), 78 Ohio St.3d 518, 519, 678 N.E.2d 1388, 1389. Based solely on the allegations of the complaint, appellees have not established that all of the contents of the requested personnel files and internal affairs investigative reports relating to Detective Reece are exempt. In this regard, *Kallstrom*, the sole authority cited by

the majority to support its holding, does not hold that the constitutional right to privacy necessarily exempts from disclosure the entire contents of the testifying officers' personnel files. *Kallstrom* merely holds that disclosure of testifying police officers' addresses, phone numbers, and driver's licenses, as well as the names, addresses, and phone numbers of their family members, violates their fundamental constitutional rights to privacy, but that other information in their personnel files would have to be analyzed to see whether it also violated these constitutional rights. *Id.*, 136 F.3d at 1069-1070.

{¶ 16} In fact, the majority concedes that personnel files that reflect discipline, citizen complaints, or how an officer does her or his job are public records. By affirming the dismissal of Keller's action, the majority had to have assumed, before the court of appeals conducted an *in camera* inspection of the records, that all of the requested personnel records in this case are of the types that are shielded from disclosure by the constitutional right of privacy. Keller requested access to all personnel and internal affairs records relating to Detective Reece. His request is broad enough to include the records that the majority concedes would be subject to disclosure under R.C. 149.43, *i.e.*, records that "reflect on discipline, citizen complaints, or how an officer does her or his job * * *." The majority's holding, which assumes that all personnel records relating to Detective Reece are exempt, is therefore unsupported by the record, *Kallstrom*, or the court of appeals' duty under Civ.R. 12(B)(6) to construe the material factual allegations of Keller's complaint most strongly in his favor.

{¶ 17} Finally, to the extent that the majority relies on a "good sense" rule in addition to the constitutional right of privacy, we have rejected analogous public-policy exemptions by holding that " 'in enumerating very narrow, specific exceptions to the public records statute, the General Assembly has already weighed and balanced the competing public policy considerations between the public's right to know how its state agencies make decisions and the potential harm,

inconvenience or burden imposed on the agency by disclosure.' " *State ex rel. Thomas v. Ohio State Univ.* (1994), 71 Ohio St.3d 245, 249, 643 N.E.2d 126, 130, quoting *State ex rel. James v. Ohio State Univ.* (1994), 70 Ohio St.3d 168, 172, 637 N.E.2d 911, 913-914; see, also, *State ex rel. Multimedia*, *Inc. v. Snowden* (1995), 72 Ohio St.3d 141, 143-144, 647 N.E.2d 1374, 1378. In fact, the fundamental policy advanced by R.C. 149.43 is to promote open government, not to restrict it. *State ex rel. The Miami Student v. Miami Univ.* (1997), 79 Ohio St.3d 168, 171, 680 N.E.2d 956, 959. As noted previously, the applicability of any privacy exemption cannot yet be determined in ruling on appellees' Civ.R. 12(B)(6) motion because this determination is restricted to the allegations of Keller's complaint. See *State ex rel. Natl. Electrical Contractors Assn., Ohio Conference v. Ohio Bur. of Emp. Serv.* (1998), 83 Ohio St.3d 179, 181, 699 N.E.2d 64, 66.

{¶ 18} Based on the foregoing, it appears that after construing the material factual allegations of Keller's complaint most strongly in his favor, he can prove a set of facts entitling him to the requested writ of mandamus. The court of appeals consequently erred in dismissing Keller's complaint pursuant to Civ.R. 12(B)(6). Accordingly, the judgment of the court of appeals should be reversed and remanded for further proceedings. See *State ex rel. Rogers v. McGee Brown* (1997), 80 Ohio St.3d 408, 410-411, 686 N.E.2d 1126, 1128. Because the majority does not so decide, I respectfully dissent.

---