OPINION
Defendant Karen Bradford appeals a judgment of the Municipal Court of Canton, Stark County, Ohio, which convicted and sentenced her for one count of menacing in violation of R.C. 2903.22, after a jury returned a verdict of guilty, and on one count of failure to control a dog in violation of Canton City Ordinance Section 505.01
which was tried to the court. Appellant assigns three errors to the trial court:
 ASSIGNMENTS OF ERROR
I. THE TRIAL COURT ABUSED ITS DISCRETION TO THE DETRIMENT OF THE APPELLANT'S CASE AND ERRED AS A MATTER OF LAW IN GRANTING APPELLEE'S MOTION TO QUASH APPELLANT'S SUBPOENA.
II. THE TRIAL COURT ABUSED ITS DISCRETION TO THE DETRIMENT OF THE APPELLANT'S CASE IN ITS EVIDENTIARY RULINGS WHICH LIMITED APPELLANT'S INTRODUCTION OF EVIDENCE AS TO PAST CONDUCT AND WHICH PERMITTED THE INTRODUCTION OF NON-PROBATIVE EVIDENCE REGARDING APPELLANT'S OWNERSHIP OF A FIREARM.
III. THE VERDICT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
At trial, the State presented the testimony of Officers Nick Mercorelli and Michael Peterson of the Canton City Police Department. The officers testified while on routine patrol in the City of Canton, they observed a dog running loose in an alley. The officers issued a citation to appellant, and testified appellant first refused to sign the citation. Both officers testified appellant told Officer Mercorelli she would "put him in hell". Officer Mercorelli testified appellant was standing on her porch when she made the statement, while Officer Peterson testified he believed she was on the lawn when she made the statement. Both officers testified they took the statement as a serious threat. One officer also testified they believed appellant owned a gun, based upon a previous incident. In her case in chief, appellant presented the testimony of Tiffany and Tiarra Jackson, two women who were visiting her home and witnessed the incident. Both women testified they believed appellant told Officer Mercorelli "God would placed him in hell because of his harassment of appellant and her family." Both women testified appellant was upset, and so were the police officers. Tiara Jackson testified appellant's statement did not seem like a threat to her.
 I
In her first assignment of error, appellant argues the trial court erred as a matter of law in quashing her subpoena for personnel and disciplinary records of Officers Peterson and Mercorelli. Appellant suggests the trial court's ruling severely impaired her ability to cross-examine the officers for truthfulness and bias, and prohibited her from demonstrating both officers had past pattern of abuse against appellant, her family, and other persons in the neighborhood. Appellant did proffer this information, as well as the information appellant had filed a formal complaint against the officers as a result of this incident. Appellant urges us the trial court's decision to quash her subpoena constituted an abuse of discretion, see State ex rel. Daggett v. Gessaman (1973),34 Ohio St.2d 55. Appellant also urges that the court's decision was based upon an error of law. In such a situation, we do not defer to the sound discretion of the trial court, but review the matter de novo, see Castlebrook v. Dayton Properties Limited Partnership (1992), 78 Ohio App.3d 340. The trial court made findings of fact and conclusions of law with regard to its ruling on the motion to quash. The trial court found Steckman v. Jackson (1994), 70 Ohio St.3d 420, sets forth the methods which can be used obtain records alleged to be public. Steckman held Crim.R. 16, which deals with what evidence must be disclosed by the State does not provide for full disclosure of all information about the arresting officers. The Supreme Court held Crim.R. 16, and not R.C. 149.43, the public records statute, is the route available to the defendants to obtain discovery. The trial court also discussed the recent case of State ex rel. Keller v. Cox (1999), 85 Ohio St.3d 279. In Keller, a criminal defendant attempted to gain access to officer's personnel records through a subpoena duces tecum. The Supreme Court held these records are protected by the officer's constitutional right to privacy, because the records contain information about the officer's family, home address, and the like, which should not be disclosed to persons who could use the information for unlawful ends. The Supreme Court found not only should courts honor the constitutional right to privacy, but also should use a "good sense" rule when determining what sorts of information about law enforcement officers should be disclosed. The trial court found common sense dictates when a criminal defendant is accused of threatening a police officer, a judge should not give a police officer's personal information to that defendant. The trial court concluded the appellant here should be denied access to personnel and disciplinary files. Appellant urges the Steckman case is not on point, because the defendants in Steckman were attempting to use the Ohio Public Records Act to get police investigative files about their own cases, not about the police. We have reviewed previous Supreme Court mandate, and we find the trial court's reliance on Keller is well placed. Keller directs us to not only obey the clear constitutional directives regarding privacy, but also to apply good common sense. Our review of the record leads us to conclude the trial court did not abuse its discretion, nor did misapply Ohio law, in quashing the subpoena duces tecum. The first assignment of error is overruled.
 II
In her second assignment of error, appellant urges the trial court abused its discretion in permitting the State to introduce evidence the police officers were aware of a previous incident which made them believe she owned a gun, and thus, might be more likely to carry out her alleged threat. Appellant points out in I, the court prohibited appellant from discussing the past conduct of the officer towards her while here permitted evidence of her past conduct with regard to them. Appellant concedes the trial court has broad discretion on the issue of admitting or excluding evidence, see State v. Hymore (1967), 9 Ohio St.2d 122. Appellant suggests the court should not have permitted Officer Peterson to testify he knew or believed, as a result of a previous incident, that appellant owned a gun. Appellant characterizes his testimony as far more prejudicial than probative of any issue in the case at bar. Appellee responds the testimony tended to show both the victim's state of mind at the time of the incident, and the officer's state of mind. The elements of the crime of menacing are knowingly causing another to believe the offender will cause physical harm to the person or property of another. Thus, the State had to prove the states of mind of both the appellant and the officer. We have reviewed the record, and it is obvious the trial court was extremely aware of the volatile nature of this evidence, and exerted itself in an effort to control how the matter was presented. The trial court did not abused its discretion. The second assignment of error is overruled.
 III
In her third assignment of error, appellant argues the trial court's judgment was against the manifest weight of the evidence. In State v. Brown (1988), 38 Ohio St.3d 305, the Ohio Supreme Court directed us in reviewing a claim that a verdict was against the manifest weight of the evidence, to review the record to determine whether there is sufficient competent and credible evidence for the jury to find the defendant was guilty beyond a reasonable doubt. Appellant suggests the evidence presented by the State simply does not support the jury's verdict. The record shows the events, and the reactions of the parties to those events, were disputed by the various witnesses. However, the trier of fact must determine the weight and credibility of the evidence presented to it. This court may not substitute our judgment for that of the jury. The third assignment of error is overruled.
For the foregoing reasons, the judgment of the Municipal Court of Canton, Stark County, Ohio, is affirmed, and the cause is remanded to that court for execution of sentence.
By Gwin, P.J., Farmer, J., and Reader, V.J., concur