[Cite as *Sengstock v. Twinsburg*, 2021-Ohio-4438.]

| | |
|---|---|
| LOREN C. SENGSTOCK | Case No. 2021-00330PQ |
| Requester | Special Master Jeff Clark |
| v. | <u>REPORT AND RECOMMENDATION</u> |
| CITY OF TWINSBURG | |
| Respondent | |

{¶1} The policy underlying Ohio's Public Records Act, R.C. 149.43, is that "open government serves the public interest and our democratic system." *State ex rel. Dann v. Taft,* 109 Ohio St.3d 364, 2006-Ohio-1825, 848 N.E.2d 472, ¶ 20. Therefore, the Act is construed liberally in favor of broad access, and any doubt is resolved in favor of disclosure of public records. *State ex rel. Glasgow v. Jones,* 119 Ohio St.3d 391, 2008-Ohio-4788, 894 N.E.2d 686, ¶ 13. R.C. 2743.75 provides a remedy in this court if a public office has denied a person access to public records in violation of R.C. 149.43(B).

{¶2} On April 22, 2021, requester Loren Sengstock made a public records request for six financial reports from the clerk of council for respondent City of Twinsburg. (Complaint at 2.) On May 11 and May 20, 2021, the City produced a number of responsive records. (*Id.* at 4-5.) However, the clerk advised that

> Redactions have been made for personal employee information which I believe falls under "items that do not document the activities of the public office". It also has been redacted for underage employee names.

(*Id.* at 5.) Sengstock challenged the redactions, asking the City to "please provide the ORC section(s)" authorizing them. (*Id.* at 6.) The City law director responded:

> Although the Sunshine Law does not specifically prohibit the release of children's names from a records request, the decision was made to hold the privacy of children to a higher standard as compared to the adult employees. Some of our part-time and seasonal employees are as young as 16 years old. We believe that it is prudent to protect their identity from

potential harm that could come to them by publishing their names and positions with the City.

(*Id.* at 7.) On June 16, 2021, Sengstock filed a complaint pursuant to R.C. 2743.75 alleging denial of access to public records in violation of R.C. 149.43(B). On August 18, 2021, the court was notified that the case had not been fully resolved in mediation. On September 1, 2021, the City filed an answer (Response) and a motion to dismiss (MTD). On September 20, 2021, Sengstock filed a reply.

{¶3} The parties advise the court that all disputes have been resolved except as to the City's withholding of names of City employees under the age of eighteen from its Payroll Register. (Response at 1, Reply at 1.)

**Motion to Dismiss**

{¶4} In order to dismiss a complaint for failure to state a claim upon which relief can be granted, it must appear beyond doubt that the claimant can prove no set of facts warranting relief after all factual allegations of the complaint are presumed true and all reasonable inferences are made in claimant's favor. *State ex rel. Findlay Publishing Co. v. Schroeder*, 76 Ohio St.3d 580, 581, 669 N.E.2d 835 (1996). As long as there is a set of facts consistent with the complaint that would allow the claimant to recover, dismissal for failure to state a claim is not proper. *State ex rel. V.K.B. v. Smith*, 138 Ohio St.3d 84, 2013-Ohio-5477, 3 N.E.3d 1184, ¶ 10.

{¶5} On consideration of the motion, the special master finds that the City's assertions that juvenile employee names are not "records," or that personal privacy rights require their withholding, or that the exercise of good sense allows redaction of the names from the Payroll Register, are not conclusively shown on the face of the complaint. Moreover, as the matter is now fully briefed the arguments to dismiss are subsumed in the arguments to deny the claim on the merits. It is therefore recommended that the motion to dismiss be denied.

**Names of Public Employees are Public Records**

{¶6} "'Public record' means records kept by any public office, including, but not limited to, state, county, city, village, township, and school district units." R.C. 149.43(A)(1). There is no dispute the City is a *public office*, and the City admits that it *keeps* the names of its employees in the Payroll Register. If employee's names function in that document as "records," then they meet the definition of "public records."

{¶7} The City discloses the names of employees aged 18 and above but claims that names of employees aged 16 and 17 "do not reflect the activities of the public office" and are therefore not records of the City. (MTD at 4.) Sengstock counters that the City is required by statute to maintain a database or list of employee names that "shall be available on request made pursuant to" the Public Records Act and that no other statute exempts the names of juvenile public employees from release. (Reply at 2-4.)

Burden of Proof

{¶8} In an action to enforce the Public Records Act (PRA), the burden is on the requester to prove an alleged violation by clear and convincing evidence. *Hurt v. Liberty Twp.*, 2017-Ohio-7820, 97 N.E.3d 1153, ¶ 27-30 (5th Dist.). At the outset, the requester must show he sought identifiable public records from a public office pursuant to R.C. 149.43(B)(1). *Welsh-Huggins v. Jefferson Cty. Prosecutor's Office*, 163 Ohio St.3d 337, 2020-Ohio-5371, 170 N.E.3d 768, ¶ 33. The defense that a requested item "is not a record" does not assert an exception, and the burden of proof thus remains with the requester. When this defense is raised, a requester must establish that the withheld document, device, or item meets the statutory definition of a "record." *State ex rel. O'Shea & Assocs. Co., L.P.A. v. Cuyahoga Metro. Hous. Auth.*, 131 Ohio St.3d 149, 2012-Ohio-115, 962 N.E.2d 297, ¶ 23.

Employee Names are "Records"

The term "records" as used in R.C. Chapter 149:

> includes any document, device, or item, regardless of physical form or characteristic, * * *, created or received by or coming under the jurisdiction of any public office of the state or its political subdivisions, which serves to document the organization, functions, policies, decisions, procedures, operations, or other activities of the office.

R.C. 149.011(G). The use of "includes" as a preface to "any document" is an indication of expansion and great breadth rather than constriction, restriction, or limitation. *Kish v. Akron*, 109 Ohio St.3d 162, 2006-Ohio-1244, 846 N.E.2d 811, ¶ 20-27.

{¶9} All offices, public and private, create records using the names of their employees to document who they have hired, what functions each employee performs, how much they are paid, how long they have been retained, their promotion and disciplinary history – standard administrative recordkeeping. Without names to associate employees with other administrative and operational records, the public cannot ascertain the qualifications, accountability, and performance of government employees, or identify potential policy issues such as nepotism. Payroll files containing information

> including employees' names, addresses, telephone numbers, Social Security numbers ("SSNs"), birth dates, education, employment status and positions, pay rates, service ratings, annual and sick leave information, overtime hours and pay, and year-to-date employee earnings

are routinely recognized as records that "serve to document the organization, functions, [and] operations * * * of the office." *E.g.*, *State ex rel. Beacon Journal Publ. Co. v. Akron*, 70 Ohio St.3d 605, 605-606, 640 N.E.2d 164 (1994) (SSNs found to be identification "records" of the office as used in the master payroll file).

{¶10} The City cites no case law holding that names of employees do not document the official business of public offices, or that the names of juvenile employees do not document official business to the same extent as names of adults. The City's reliance on *State ex rel. McCleary v. Roberts*, 88 Ohio St.3d 365, 725 N.E.2d 1144 (2000) is inapposite. That case involved photographs, names, addresses and other

personal information of juvenile citizens patronizing public pools, and expressly distinguished their private information from the same information about public employees:

> At issue here is information regarding children who use the City's swimming pools and recreational facilities. *The subjects of appellee's public records request are not employees of the government entity having custody of the information.* They are children--private citizens of a government, which has, as a matter of public policy, determined that it is necessary to compile private information on these citizens. *It seems to us that there is a clear distinction between public employees and their public employment personnel files and files on private citizens* created by government.

(Emphasis added.) *Id.* at 369. The General Assembly has separately codified the record status of all employee names by mandating their release as public records:

> Each public office or person responsible for public records shall maintain a database or a list that includes *the name of all public* officials and *employees* elected to or *employed by that public office*. The database or list *is a public record* and shall be made available upon a request made pursuant to section 149.43 of the Revised Code.

(Emphasis added.) R.C. 149.434(A).[1]

{¶11} Names established as public cannot be made confidential merely by placing them in a different location. "Once clothed with the public records cloak, the records cannot be defrocked of their status." *State ex rel. Cincinnati Enquirer v. Hamilton Cty.,* 75 Ohio St.3d 374, 378, 662 N.E.2d 334 (1996). *Accord State ex rel. Dispatch Printing Co. v. Morrow Cty. Prosecutor's Office*, 105 Ohio St.3d 172, 2005-Ohio-685, 824 N.E.2d 64, ¶ 9-14; *State ex rel. Dillery v. Icsman*, 92 Ohio St.3d 312, 316, 750 N.E.2d 156 (2001); 1996 Ohio Atty.Gen.Ops. No. 034.

{¶12} The special master finds that the names of the City's juvenile employees readily satisfy the definitions of "records" in R.C. 149.011(G) and "public records" in

---

[1] On the date of the request, R.C. 149.434 required the list to include "the name *and date of birth"* of all employees. See H.B. 46, 127th GA, superseded by H.B. 110, 134th GA, eff. Sept. 30, 2021.

R.C. 149.43(A), as independently established by R.C. 149.434. This constitutes clear and convincing evidence that Sengstock made a proper request to the City for public records that appear in the specified Payroll Register.

**Names of Juvenile Employees Not Exempt from Disclosure**

{¶13} Employee names are specifically required to be disclosed. R.C. 149.434. Even if this did not preclude application of any general statutory exemption, the City fails to prove that juvenile employee names in a payroll record do fall under any exemption.

<u>Burden of Proof</u>

{¶14} "If the public office * * * refuses to release the requested record on the basis of a statutory exemption, its 'burden of production' in the R.C. 2743.75 proceeding is to plead and prove facts establishing that the requested record falls squarely within the exemption." *Welsh-Huggins v. Jefferson Cty. Prosecutor's Office*, 163 Ohio St.3d 337, 2020-Ohio-5371, 170 N.E.3d 768, ¶ 35. Exemptions (interchangeably referred to as "exceptions") must be strictly construed against the public office. *State ex rel. Rogers v. Dept. of Rehab. & Corr.*, 155 Ohio St.3d 545, 2018-Ohio-5111, 122 N.E.3d 1208, ¶ 7. Any doubt should be resolved in favor of disclosure of public records. *State ex rel. James v. Ohio State Univ.*, 70 Ohio St.3d 168, 169, 637 N.E.2d 911 (1994).

<u>No Statutory Exemption Asserted</u>

{¶15} The City does not cite, and the special master is not aware of, either a statutory public records exemption for the names of juveniles generally, or any specific statutory exception for the names of juvenile public employees. Indeed, the City's law director notified Sengstock that "the Sunshine Law does not specifically prohibit the release of children's names from a records request." (Complaint at 7.) Absent specific

exception by law,[2] a public office must release records containing the names of juveniles. 1990 Ohio Atty.Gen.Ops. No. 101.

<u>No Constitutional Privacy Right Applies</u>

{¶16} The City cites no existing constitutional right of privacy for names of minor employees, proposing only that the records should be withheld henceforth under unspecified "personal privacy rights." (Response at 2.)[3] However, courts and records custodians may not "create new exceptions to R.C. 149.43 based on a balancing of interests or generalized privacy concerns" so as to withhold records that are plainly non-exempt. *State ex rel. WBNS TV, Inc. v. Dues*, 101 Ohio St.3d 406, 2004-Ohio-1497, 805 N.E.2d ¶ 30-39.

{¶17} Federal and Ohio courts have recognized only a few constitutional privacy rights as public records exceptions, and none that cover the names of juvenile employees. *See generally Narciso v. Powell Police Dept.*, Ct. of Cl. No. 2018-01195PQ, 2018-Ohio-4590, ¶ 39-45. Records protected under the U.S. Constitution's Fourteenth Amendment privacy right are "[r]ecords the release of which is prohibited by state or federal law," and therefore excepted from the definition of "public record" by R.C. 149.43(A)(1)(v). *State ex rel. Enquirer v. Craig*, 132 Ohio St.3d 68, 2012-Ohio-1999, ¶ 13. However, there is no general constitutional right of nondisclosure of personal information. *Lambert v. Hartman*, 517 F.3d 433, 442 (6th Cir. 2008). A Fourteenth Amendment informational privacy interest, existing or proposed, must implicate a right that is either "fundamental" or "implicit in the concept of ordered liberty." *Id.* at 442-446. The federal Sixth Circuit Court of Appeals "has recognized an informational-privacy interest of constitutional dimension in only two instances:

---

[2] The legislature has enacted numerous exemptions for records of juveniles, *e.g.*, "Information pertaining to the recreational activities of a person under the age of eighteen." R.C. 149.43(A)(1)(r).

[3] Although the City did not assert this defense or the "good sense" defense in pre-litigation responses to Sengstock, the initial explanation for denial "shall not preclude the public office or the person responsible for the requested public record from relying upon additional reasons or legal authority in defending an action commenced under division (C) of this section." R.C. 149.43(B)(3).

(1) where the release of personal information could lead to bodily harm (*Kallstrom*), and (2) where the information released was of a sexual, personal, and humiliating nature (*Bloch*)." *Id.* at 440.

{¶18} The Ohio Supreme Court likewise recognizes a right of privacy based on bodily integrity. *State ex rel. Keller v. Cox*, 85 Ohio St.3d 279, 282, 707 N.E.2d 931 (1999) (release of testifying officers' personal information to a criminal defendant who might use the information for nefarious ends); *State ex rel. Cincinnati Enquirer v. Craig*, 132 Ohio St.3d 68, 2012-Ohio-1999, ¶ 14, 969 N.E.2d 243 (officers targeted by gang members after shootout had a fundamental interest in preventing the release of their private information where disclosure would create a substantial risk of serious bodily harm or death); *State ex rel. Quolke v. Strongsville City Sch. Dist. Bd. of Educ.*, 142 Ohio St.3d 509, 2015-Ohio-1083, 33 N.E.3d 30, ¶ 27-28 (credible threats to physical safety of replacement teachers supported withholding their names during the period when present risk was demonstrated). The Court has recognized other informational constitutional privacy rights, *e.g.*, *State ex rel. McCleary v. Roberts*, 88 Ohio St.3d 365, 725 N.E.2d 1144 (2000) (database of photographs, names, and addresses of uniquely vulnerable juvenile citizen-customers); *State ex rel. Beacon Journal Pub. v. Akron*, 70 Ohio St.3d 605, 640 N.E.2d 164 (1994) (employee social security numbers).

{¶19} An assertion of ongoing or future risk must be supported by relevant evidence specific to that time period. The City provides no evidence that disclosure of names in the payroll register would result in threats to juvenile employees' "bodily integrity," *Kallstrom v. Columbus*, 136 F.3d 1055, 1064, 1068 (6th Cir.1998) (*Kallstrom I*), or that they are subject to any current "perceived likely threat." *Kallstrom v. Columbus,* 165 F.Supp.2d 686, 695 (S.D.Ohio 2001) (*Kallstrom II*). "[W]ithout a clear development of the factual circumstances that would accompany any future release of personal information * * *, any finding regarding future risk to the personal safety of the officers and their families would be speculative." *Kallstrom I* at 1068. *See generally*

*Gannett GP Media, Inc. v. Ohio Dept. of Pub. Safety*, Ct. of Cl. No. 2017-00051-PQ, 2017-Ohio-4247, ¶ 16-33 (proof of threat required for various exceptions).

{¶20} Where applicability of a public-records exemption is not readily apparent from the record's content, evidence providing specific factual support that goes beyond mere conclusory statements in an affidavit is required to show that the record falls squarely within the prescribed exception. *Welsh-Huggins* at ¶ 50. Physical safety exceptions may not be asserted beyond the persons demonstrably at risk, or after the risk has abated. In *State ex rel. Ohio Republican Party v. FitzGerald*, 145 Ohio St.3d 92, 2015-Ohio-5056, a county withheld as "security records" key-card-swipe data for one employee against whom verified threats had been received, but released the same data for employees who had not received threats. *Id.* at ¶ 6-8, 24. *See also Quolke v. Strongsville City Sch. Dist. Bd. of Educ.*, 142 Ohio St.3d 509, 2015-Ohio-1083, 33 N.E.3d 30, ¶ 25-31. The City has submitted no affidavit or even unsworn allegation of specific physical threats or substantial risk of physical violence relating to any pool lifeguard, camp counselor, or golf course worker - adult or juvenile. The City is silent on why and how disclosure of juvenile employee names could endanger physical safety.

{¶21} Even were the City's vague privacy concern subject to a constitutional balancing test, it would be vastly outweighed by the value to the public of access to employee names. Unlike the home addresses in *Johnson* and the juvenile customer names in *McCleary*, the names of juvenile City employees do document the activities of the City. (*see* Employee Names are "Records" section). City employee names are not just incidentally compiled or kept for convenience but serve to identify persons subject to office policies and to correlate their position, pay, and performance in carrying out the office's functions. Note that these employees include lifeguards and camp counsellors, positions involving the exercise of significant authority over and responsibility for others.

{¶22} Below the few information privacy interests of constitutional dimension, personal privacy concerns are addressed as matters of public policy by the legislature:

See, e.g., *State ex rel. Toledo Blade Co. v. Univ. of Toledo Found.* (1992), 65 Ohio St.3d 258, 266, 602 N.E.2d 1159 ("It is the role of the General Assembly to balance the competing concerns of the public's right to know and *individual citizens' right to keep private certain information that becomes part of the records of public offices*. The General Assembly has done so, as shown by numerous statutory exceptions to R.C. 149.43(B), found in both the statute itself and in other parts of the Revised Code"); *State ex rel. James v. Ohio State Univ.* (1994), 70 Ohio St.3d 168, 172, 1994 Ohio 246, 637 N.E.2d 911 ("in enumerating very narrow, specific exceptions to the public records statute, the General Assembly has already weighed and balanced the competing public policy considerations between the public's right to know how its state agencies make decisions and the potential harm, inconvenience or burden imposed on the agency by disclosure").

(Emphasis added.) *State ex rel. WBNS TV, Inc. v. Dues,* 101 Ohio St.3d 406, 2004 Ohio 1497, 805 N.E.2d 1116, ¶36.

"Although there may be good policy reasons to exempt settlement [figures], these policy considerations cannot override R.C. 149.43, because the General Assembly is the ultimate arbiter of public policy." *Cf. State ex rel. Cincinnati Enquirer*, 98 Ohio St.3d 126, 2002 Ohio 7041, 781 N.E.2d 163, P21. "Respondents cannot withhold public records simply because they disagree with the policies behind the law permitting the release of these records." *State ex rel. Consumer News Serv., Inc. v. Worthington City Bd. of Edn.*, 97 Ohio St.3d 58, 2002 Ohio 5311, 776 N.E.2d 82, P54.

*Id.* at ¶ 37. Among the numerous and frequently revisited exceptions to R.C. 149.43(B), the General Assembly has not chosen to exempt juvenile public employee names from public records disclosure.

{¶23} Based on the evidence presented, the special master concludes the City has failed to meet its burden to prove any constitutional right of privacy in the names of juvenile public employees.

### The "Good Sense" Rule Is Inapplicable

{¶24} Finally, the City argues that withholding juvenile employee names is justified by "good sense." (Response at 4-5.) In a few cases where the Supreme Court

has found records exempt based on a constitutional right of privacy, the non-record status of the information, or statutory exemptions involving personal security, it has added that the decision made "good sense." The phrase is always entwined with the other, independently dispositive defenses. The Court clarified and limited the "good sense rule" in *State ex rel. Cincinnati Enquirer v. Jones-Kelley*, 118 Ohio St.3d 81, 2008-Ohio-1770, 886 N.E.2d 206 (database containing names and addresses of foster parents, some who had been harmed or threatened by biological parents. *See* ¶ 49):

> In *Keller*, 85 Ohio St.3d at 282, 707 N.E.2d 931, we held that the constitutional right of privacy prevented an attorney representing a criminal defendant from obtaining access to a police officer's personnel files because "[p]olice officers' files that contain  the names of officers' children, spouses, parents, home addresses, telephone numbers, beneficiaries, medical information, and the like should not be available to a defendant who might use the information to achieve nefarious ends." We further observed that "[t]his information should be protected not only by the constitutional right of privacy, but, also, we are persuaded that there must be a 'good sense' rule when such information about a law enforcement officer is sought by a defendant in a criminal case." Id.

> In *McCleary*, 88 Ohio St.3d 365, 2000 Ohio 345, 725 N.E.2d 1144, syllabus, we held that "[p]ersonal information of private citizens, obtained by a 'public office,' reduced to writing and placed in record form and used by the public office in implementing some lawful regulatory policy, is not a 'public record' as contemplated by R.C. 149.43." In that case, the relator sought a copy of a city's database containing information about children who used the city's recreational facilities. We found that the personal information requested did not constitute a record for purposes of R.C. 149.43 because it did not document any of the functions of the city's recreation and parks department. Id. at 368-370, 725 N.E.2d 1144.

> We also noted in dicta that even if the requested information constituted a record subject to R.C. 149.43, the record would be excepted from disclosure because of the constitutional right of privacy in that "release of personal information of this nature creates an unacceptable risk that a child could be victimized." Id. at 370-372, 725 N.E.2d 1144.

For the following reasons, neither *Keller* nor *McCleary* supports the application of a "good sense" exception to disclosure under the Public Records Act in this case.

First, our decision in *Keller* was premised upon the constitutional right of privacy, and the director does not claim that the requested record here is protected by this right. See *Conley v. Corr. Reception Ctr.* (2001), 141 Ohio App.3d 412, 417, 2001 Ohio 2365, 751 N.E.2d 528 ("As we read *Keller*, the Supreme Court based its decision to deny access to the personnel records on the officers' constitutional right to privacy and their right to personal security and to bodily integrity").

Second, "to the extent that *Keller* also suggests a good-sense rule regarding the release of public records, the rule appears to be inextricably intertwined with the facts of *Keller*, which involved requests by criminal defendants for personal information about law enforcement personnel." *State ex rel. Beacon Journal Publishing Co. v. Bodiker* (1999), 134 Ohio App.3d 415, 430, 731 N.E.2d 245.

Third, our holding in *McCleary* relied on the fact that the requested database did not constitute a record for purposes of the Public Records Act. By contrast, the requested copy here is a record. Moreover, our dicta in *McCleary* relied on the constitutional right of privacy, which the director does not assert in this case.

* * *

Finally, "the General Assembly is the ultimate arbiter of policy considerations relevant to public-records laws * * * and it is for the legislature to 'weigh[] and balance[] the competing public policy considerations between the public's right to know how its state agencies make decisions and the potential harm, inconvenience or burden imposed on the agency by disclosure.'" *Kish v. Akron*, 109 Ohio St.3d 162, 2006 Ohio 1244, 846 N.E.2d 811, P 44, quoting *State ex rel. James v. Ohio State Univ.* (1994), 70 Ohio St.3d 168, 172, 1994 Ohio 246, 637 N.E.2d 911. A judicially created "good sense" rule cannot override this precedent. See, e.g., *State ex rel. WBNS TV, Inc. v. Dues*, 101 Ohio St.3d 406, 2004 Ohio 1497, 805 N.E.2d 1116, P 36-37.

In sum, *a judicially created "good sense" rule does not except a public record from disclosure under R.C. 149.43.*

(Emphasis added.) *Id.* at ¶ 36-45. As determined previously, the names of the juvenile City employees are clearly public records, no statutory exception based on threats to personal security is asserted, and no constitutional right of privacy applies. A freestanding allegation that withholding names makes "good sense" cannot exempt them from disclosure under R.C. 149.43.

{¶25} The special master concludes that the names of juvenile employees in the requested Payroll Register are City public records that are not subject to any exemption.

**Conclusion**

{¶26} Upon consideration of the pleadings and attachments, the special master recommends the court find that respondent has failed to produce public records in violation of R.C. 149.43(B)(1) and order respondent to disclose the redacted employee names. The special master further recommends the court order that requester is entitled to recover from respondent the costs associated with this action, including the twenty-five-dollar filing fee. R.C. 2743.75(F)(3)(b). It is recommended that court costs be assessed to respondent.

{¶27} *Pursuant to R.C. 2743.75(F)(2), either party may file a written objection with the clerk of the Court of Claims of Ohio within seven (7) business days after receiving this report and recommendation. Any objection shall be specific and state with particularity all grounds for the objection. A party shall not assign as error on appeal the court's adoption of any factual findings or legal conclusions in this report and recommendation unless a timely objection was filed thereto. R.C. 2743.75(G)(1).*

JEFF CLARK
Special Master

**Filed November 17, 2021**
**Sent to S.C. Reporter 12/17/21**