**[Cite as *Ohio Records Analysis v. Ohio Dept. of Adm. Servs.*, 2022-Ohio-316.]**

| | |
|---|---|
| OHIO RECORDS ANALYSIS | Case No. 2021-00385PQ |
| Requester | Special Master Jeff Clark |
| v. | <u>REPORT AND RECOMMENDATION</u> |
| OHIO DEPARTMENT OF ADMINISTRATIVE SERVICES | |
| Respondent | |

{¶1} This action is brought under R.C. 2743.75, which provides an expeditious and economical procedure to enforce the Ohio Public Records Act, R.C. 149.43. The Act requires that copies of public records be made available to any person upon request, within a reasonable period of time. R.C. 149.43(B)(1). The state policy underlying the Act is that open government serves the public interest and our democratic system. To that end, the public records statute must be construed liberally in favor of broad access, with any doubt resolved in favor of disclosure of public records. *State ex rel. Rogers v. Dept. of Rehab. & Corr.*, 155 Ohio St.3d 545, 2018-Ohio-5111, 122 N.E.3d 1208, ¶ 6. A requester alleging violation of the Act must establish entitlement to relief by clear and convincing evidence. *Hurt v. Liberty Twp.*, 2017-Ohio-7820, 97 N.E.3d 1153, ¶ 27-30 (5th Dist.).

{¶2} On June 23, 2021, requester Ohio Records Analysis (ORA) made a request to respondent Ohio Department of Administrative Services (ODAS) for the following:

> In relation to the Ohio MARCS-IP: Multi-Agency Radio Communications:
>
> 1. Talkgroup numbers assigned, used by, or distributed to the City of Columbus and any City of Columbus department
> 2. Channel Names associated with aforementioned Talkgroups
> 3. Radio numbers or ID's assigned, used by, or distributed to the City of Columbus and any City of Columbus department

(Complaint at 2.) On June 29, 2021, ODAS responded that

> the information you have requested is considered a security record, as it relates the configuration of the radios on the statewide communication system. As such, any responsive record would be exempt from disclosure pursuant to R.C. 149.433.

(*Id.* at 3.) On July 9, 2021, ORA filed a complaint pursuant to R.C. 2743.75 alleging denial of access to public records in violation of R.C. 149.43(B). Following unsuccessful mediation, ODAS filed respondent's response to the complaint on October 21, 2021. On November 8, 2021, the special master directed ORA to file a reply by November 24, 2021, and later extended authorization to file until December 27, 2021. The court has received no filing from ORA.

### Burdens of Proof

{¶3} The overall burden of persuasion in a public records case is on requester to prove its right to relief by the requisite quantum of evidence. *Welsh-Huggins v. Jefferson Cty. Prosecutor's Office*, 163 Ohio St.3d 337, 2020-Ohio-5371, 170 N.E.3d, ¶ 34. First, requester must prove it sought an identifiable public record, and the public office did not make the record available. *Id.* at ¶ 33. Then, if the public office has withheld a record on the basis of a public records exemption, the public office carries the burden to prove that the requested record falls squarely within the exemption. *Id.* at ¶ 35. Exceptions to disclosure must be strictly construed against the public-records custodian. *State ex rel. Rogers v. Dept. of Rehab. & Corr.*, 155 Ohio St.3d 545, 2018-Ohio-5111, 122 N.E.3d 1208, ¶ 7. Any doubt should be resolved in favor of disclosure. *State ex rel. James v. Ohio State Univ.*, 70 Ohio St.3d 168, 169, 637 N.E.2d 911 (1994).

{¶4} The parties do not dispute that ORA reasonably describes the information it seeks. However, However, ODAS states 1) that it is not capable of producing the subsets of requested information that pertain to the City of Columbus without creating new records, and 2) that if it created such records, they would be exempt from public records disclosure as infrastructure and security records pursuant to R.C. 149.433.

### Non-Existent Records[1]

{¶5} "Public records" means records *kept* by a *public office*. R.C. 149.43(A)(1). A person may only make the request to a "public office or person responsible for" the requested records. R.C. 149.43(B)(1).

> Only the public office and official responsible for the requested records has a duty to provide copies of public records under R.C. 149.43. *Cvijetinovic v. Cuyahoga Cty. Aud.*, 8th Dist. No. 96055, 2011-Ohio-1754, ¶ 4 ("[B]ecause the Cuyahoga County Auditor is not the official responsible for the requested records, the auditor has no duty to provide copies of those records under R.C. 149.43.").

*Viola v. Ohio Attorney General's Office*, 10th Dist. Franklin No. 21AP-126, 2021-Ohio-3828, ¶ 18. A public office has no duty to provide records that do not exist, or that it does not possess. *State ex rel. Gooden v. Kagel*, 138 Ohio St.3d 343, 2014-Ohio-869, 6 N.E.3d 471, ¶ 5, 8-9. An office may establish by affidavit that any existing records have been provided. *State ex rel. Fant v. Flaherty*, 62 Ohio St.3d 426, 427, 583 N.E.2d 1313 (1992); *State ex rel. Toledo Blade Co. v. Toledo-Lucas Cty. Port Auth.*, 121 Ohio St.3d 537, 2009-Ohio-1767, 905 N.E.2d 1221, ¶ 15. Although the office's affidavit may be rebutted by evidence showing a genuine issue of fact, a requester's mere belief based on inference and speculation does not constitute the evidence necessary to establish that a document exists as a record. *State ex rel. McCaffrey v. Mahoning Cty. Prosecutor's Office*, 133 Ohio St.3d 139, 2012-Ohio-4246, 976 N.E.2d 877, ¶ 22-26. Nor does the public office have a duty to create new records to satisfy a request for information. *State ex rel. Kerner v. State Teachers Retirement Bd.*, 82 Ohio St.3d 273, 274-275, 695 N.E.2d 256 (1998).

### Proof of Existence

---

[1] ODAS did not assert this defense in its denial letter. (Complaint at 3.) However, an initial explanation "shall not preclude the public office or the person responsible for the requested public record from relying upon additional reasons or legal authority in defending an action commenced under division (C) of this section." R.C. 149.43(B)(3). The order of November 8, 2021 provided ORA with an opportunity to contest this defense, but it has not filed a reply.

{¶6} When a public office asserts that it has no additional records in its possession, the burden is on requester to prove by clear and convincing evidence that the records it requests exist and are maintained by that office. *State ex rel. Cordell v. Paden*, 156 Ohio St.3d 394 2019-Ohio-1216, 128 N.E.3d 179, ¶ 6, 8. ODA's complaint assumes but does not expressly assert that the requested lists of numbers, names, and IDs exist and are maintained by ODAS.

{¶7} In raising the defense of non-existence, ODAS does not dispute that the requested lists may exist somewhere, but states that if they do, they are maintained by the City of Columbus. ODAS has submitted the affidavit of Infrastructure Specialist 3 Lance Johnson, a ODAS employee "responsible for the configuration, administration, and operational analysis for the Ohio Multi-Agency Radio Communications System (MARCS), a program area within the ODAS Office of Information Technology." (Response, Johnson Aff. at ¶ 1-2.) Johnson details the assignment, maintenance, and access to MARCS-related information requested by ORA. ODAS further relies on the affidavit of Electronic Technician Manager Peter Flavin, an employee of the Ohio Department of Public Safety, Division of Ohio State Highway Patrol. (*Id.*, Flavin Aff. at ¶ 1.)

{¶8} ODAS agrees that it owns and administers MARCS – a government system for digital interagency radio communications between participating Ohio first responders and other public safety providers. (Johnson Aff. at ¶ 2, 4, 13.) ODAS assigns blocks of Radio Identifiers to customer entities; Ohio counties, state agencies, some cites, and other states. (*Id.* at ¶ 7.) Radio Identifiers are entered into the Motorola Provisioning Manager to bring radios on and off MARCS as well as to activate and deactivate Talkgroups. (*Id.* at ¶ 3.)

{¶9} Each MARCS customer entity belongs to a Tier group. A MARCS administrator enters Radio Identifiers and activates Talkgroups for customers of Tiers One and Two, while customers of Tiers Three through Five program their own radio

identifiers and program Talkgroups into their radios. (*Id.* at ¶ 3, 10.) Testimony specific to the three subparts of the request includes the following:

> Request No. 3: *Radio numbers or ID's assigned, used by, or distributed to the City of Columbus and any City of Columbus department*

{¶10} Radio numbers, aka IDs, are assigned directly to Ohio counties, state agencies, some cities, and a few other states. (Johnson Aff. at ¶ 7.) A list of numbers assigned to each customer entity is posted online.[2] (*Id.*) Radio numbers/IDs are not directly assigned by ODAS to the City of Columbus, and any records created by Franklin County of further distribution to Columbus were not provided to ODAS. (*Id.*)

> Request No. 1: *Talkgroup numbers assigned, used by, or distributed to the City of Columbus and any City of Columbus department*

{¶11} A Talkgroup is a digital hexcode associated with a particular subset of radio users. (Johnson Aff. at ¶ 6, Flavin Aff. at ¶ 5-6.) As a Tier Four customer, Columbus assigns and programs Talkgroup numbers into its own radios. (Johnson Aff. at ¶ 10.) MARCS administrators, i.e., ODAS employees, "know all of the Talkgroups on the system, but the system administrators do not know into which radios the Talkgroups are programmed." (Flavin Aff. at ¶ 6.) In order to produce a list of only Columbus Talkgroup numbers, even collectively and without reflecting assignment to particular radios, an ODAS technician would have to pull three separate tables of state-level Talkgroup numbers from the Motorola Provisioning Manager and cross-reference these with a fourth list, the Security Group listing, into a new database. (Johnson Aff. at ¶ 9.)

{¶12} If the request seeks a list of the Talkgroups programmed into individual Columbus radios, that process would be even more complex. In short, ODAS attests that the requested list of all Talkgroup numbers assigned, used by, or distributed to the City of Columbus and any Columbus department is not available by using the existing programming of any single ODAS database.

---

[2] https://siec.ohio.gov/Portals/0/pdf/7xRadioIDSOP.pdf (Accessed Jan. 12, 2022.)

Request No. 2: *Channel Names associated with aforementioned Talkgroups*

{¶13} Channel Names are simply English names for the hexcode Talkgroups. (Flavin Aff. at ¶ 5.) The terms Talkgroup and Channel Names are often used interchangeably by MARCS users. (*Id.*) Analysis of this request is thus functionally identical to the analysis of Request No. 1.

{¶14} In summary, ODAS asserts that "DAS does not have a record showing the Radio Identifiers or Talkgroups specifically assigned to the radios distributed to the City of Columbus." (Johnson Aff. at ¶ 7.) While ODAS states that it could produce the requested lists by creating a new database to compile data from multiple tables, it credibly denies that it can produce the output from a single existing database, or that its data management system can combine data from all necessary tables and other databases using existing programming, which is all that it is mandated to do under current public records law. *WCPO-TV v. Ohio Dept. of Health*, Ct. of Cl. No. 2020-00513PQ, 2021-Ohio-1151, ¶ 18-21. *See also Speros v. Secy. of State*, Ct. of Cl. No. 2017-00389PQ, 2017-Ohio-8453, ¶ 14-19 and cases cited therein.

{¶15} Weighing the facts and circumstances before the court, the special master finds that ORA has not shown by clear and convincing evidence that the requested documents are existing "records" kept by ODAS.

**Infrastructure and Security Records**

{¶16} ODAS further claims that the requested MARCS-IP Identifiers, names, and IDs are exempt from disclosure as both "infrastructure records" and "security records" pursuant to R.C. 149.433. However, the court need not consider the applicability of either exception due to the failure of ODA to establish that it requested "records" in the keeping of ODAS, which is a prerequisite to considering whether any exception applies. *State ex rel. Dispatch Printing Co. v. Johnson*, 106 Ohio St.3d 160, 2005-Ohio-4384,

833 N.E.2d 274, ¶ 42-43. See also *Viola v. Ohio Attorney General's Office*, 10th Dist. Franklin No. 21AP-126, 2021-Ohio-3828, ¶ 23-24.

{¶17} This finding does not preclude ODA from making public records requests for the same or similar documents from other agencies, or from making a new request to ODAS for records that do exist.

**Conclusion**

{¶18} Based on the pleadings, affidavits, and documents submitted in this action, the special master recommends the court find that requester has not shown by clear and convincing evidence that respondent's denial violated R.C. 149.43(B). It is recommended that costs be assessed to requester.

{¶19} *Pursuant to R.C. 2743.75(F)(2), either party may file a written objection with the clerk of the Court of Claims of Ohio within seven (7) business days after receiving this report and recommendation. Any objection shall be specific and state with particularity all grounds for the objection. A party shall not assign as error on appeal the court's adoption of any factual findings or legal conclusions in this report and recommendation unless a timely objection was filed thereto. R.C. 2743.75(G)(1).*

JEFF CLARK
Special Master

**Filed January 12, 2022**
**Sent to S.C. Reporter 2/4/22**